1  Michael A. Geibelson, Bar No. 179970
   MAGeibelson@rkmc.com
2  Elizabeth D. Lee, Bar No. 216182
   EDLe@rkmc.com
3  ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
   2049 Century Park East, Suite 3400
4  Los Angeles, CA  90067-3208
   Telephone:     (310) 552-0130
5  Facsimile:      (310) 229-5800

6  Attorney for Defendant
   Best Buy Co., Inc.

7

8              **UNITED STATES DISTRICT COURT**

9            **SOUTHERN DISTRICT OF CALIFORNIA**

10

11  In re SONY VAIO COMPUTER              Case No.  09-CV-2109-BEN-RBB
12  NOTEBOOK TRACKPAD LITIGATION          **DEFENDANT BEST BUY CO., INC.'S**
                                          **NOTICE OF MOTION AND MOTION TO**
13                                        **DISMISS COMPLAINT;**
                                          **MEMORANDUM OF POINTS AND**
14                                        **AUTHORITIES**

15

16                                        **DATE:       June 21, 2010**
                                          **TIME:        10:30 a.m.**
17                                        **CTRM:       3**

18

19

20

21

22       TO THIS HONORABLE COURT, AND TO ALL PARTIES HEREIN AND THEIR

23  RESPECTIVE ATTORNEYS OF RECORD:

24       PLEASE TAKE NOTICE that on June 21, 2010 at 10:30 a.m. or as soon thereafter as the

25  matter may be heard in Courtroom 3 of the above-entitled Court located at 940 Front Street, San

26  Diego, California 92101, before the Honorable Roger T. Benitez, Defendant Best Buy Co., Inc.

27  ("Best Buy") will and hereby does move to dismiss with prejudice plaintiffs' Consolidated

28  Complaint ("Complaint"), and counts three through six thereof, as against Best Buy pursuant to

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

1   Federal Rule of Civil Procedure 9(b) and 12(b)(6).

2        This Motion is and will be based upon this Notice, the attached Memorandum of Points

3   and Authorities, Best Buy's Request for Judicial Notice filed herewith, Sony's Request for

4   Judicial Notice and Declaration of Alexis Cohen in support thereof filed herein on April 21, 2010,

5   the pleadings and papers on file herein, and upon such other and further evidence and argument as

6   may be presented at the time of the hearing of this motion.

7   DATED:  April 22, 2010          **ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**

8                                   MICHAEL A. GEIBELSON (Bar No. 179970)
                                    mageibelson@rkmc.com

9

10

11                                  By:   /s/ Michael A. Geibelson
                                          Michael A. Geibelson

12                                        Attorney for Defendant
                                          Best Buy Co., Inc.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BEST BUY'S MOTION TO DISMISS;
MEMO OF P'S AND A'S

1

**TABLE OF CONTENTS**

2
**Page**

3   I.    INTRODUCTION .................................................................................................. 1

4   II.   PLAINTIFFS' WARRANTY CLAIMS MUST BE DISMISSED BASED UPON
        THE LIMITATIONS IN THEIR EXPRESS WARRANTIES ........................... 2

5

6         A.    The Express Warranty Claims Must Be Dismissed Because Sony's
               Express, Limited Warranty Supersedes and Eliminates The Remedies
7              Sought Here ................................................................................................ 2

8         B.    Best Buy's Plans Incorporate Sony's Express, Limited Warranty. ........ 3

9         C.    Ms. Egner Is Not Yet Entitled To Anything From Best Buy Under Her
               Express Warranty ...................................................................................... 4

10  III.  PLAINTIFFS' EXPRESS WARRANTY COUNT SHOULD BE DISMISSED AS
        AGAINST BEST BUY FOR A FAILURE TO PLEAD IT ADEQUATELY ................... 5
11

12  IV.   PLAINTIFFS' IMPLIED WARRANTY CLAIMS MUST BE DISMISSED
        BASED UPON THE FACTS ALLEGED AND THE PROVISIONS OF THE
13      EXPRESS WARRANTIES ...................................................................................... 7

14        A.    Ms. Egner's Implied Warranty Claims Must Be Dismissed Because The
               Complaint Admits Her Computer Was Merchantable And Fit For Its
15             Intended Purpose At The Time Of Its Purchase ....................................... 7

16              1.    The Implied Warranty Claims Should Be Dismissed Because There
                     Is No Liability Under New Jersey Law If The Alleged Defect Did
17                   Not Exist At The Time Of The Sale ............................................... 8

18              2.    Ms. Egner's Claim For Implied Warranty Of Fitness For A
                     Particular Purpose Should Be Dismissed For The Failure To Allege
19                   Best Buy's Knowledge, A Particular Purpose, Or Reliance ....................... 9

20        B.    Mr. Flynn's Express Warranty Claim Must Be Dismissed Because of the
               Stated Limitations on the Express Warranty .......................................... 10
21
22        C.    The Implied Warranty Claims Should Be Dismissed Because There Is No
               Liability Under Florida Law If The Alleged Defect Did Not Exist At The
               Time Of The Sale. .................................................................................... 11

23        D.    The Implied Warranty Of Fitness for a Particular Purpose Count Must Be
               Dismissed For The Absence Of A Particular Purpose, Knowledge, And
24             Reliance .................................................................................................... 13

25        E.    The Complaint Admits That Best Buy Did Not Know Whether Plaintiffs'
               Computers Would Function Or Malfunction .......................................... 14
26

27  V.    PLAINTIFFS' MAGNUSON-MOSS WARRANTY ACT COUNT SHOULD BE
        DISMISSED ............................................................................................................ 15

28  VI.   CONCLUSION ...................................................................................................... 16

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

ii

**TABLE OF AUTHORITIES**

**Page**

**Cases**

*Abraham v. Volkswagen of Am., Inc.*,
   795 F.2d 238 (2d Cir. 1986)........................................................................15

*Adams v. Peter Tramontin Motor Sales, Inc.*,
   42 N.J.Super. 313, 126 A.2d 358 (N.J. Super. A.D. 1956)..............................8

*A-Leet Leasing Corp. v. Kingshead Corp.*,
   150 N.J. Super. 384, 375 A.2d 1208 (A.D.1977),
   cert. denied 75 N.J. 528, 384 A.2d 508 ..........................................................8

*Amoroso v. Samuel Friedland Family Enterprises*,
   604 So.2d 827, 17 Fla. L. Weekly D889 (1992) ...........................................12

*Ashcroft v. Iqbal*,
   129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ..............................................6, 11

*Automated Medical Laboratories, Inc. v. Armour Pharmaceutical Company*,
   629 F.2d 1118 (5th Cir. 1980)......................................................................14

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544, 127 S. Ct. 1955 (2007) .............................................................6

*Brown v. W. H. Hall*,
   221 So.2d 454, 6 UCC Rep.Serv. 651 (1969) ..............................................14

*Churchill Vill., L.L.C. v. Gen. Elec.*,
   361 F.3d 566 (9th Cir. 2004)........................................................................15

*Daugherty v. Am. Honda Motor Co.*,
   144 Cal. App. 4th 824 (2006) ......................................................................15

*Duall Bldg. Restoration, Inc. v. 1143 East Jersey Ave., Associates*,
   279 N.J. Super. 346, 652 A.2d 1225 (N.J.Super.A.D,1995)............................9

*Epstein v. Wash. Energy Co.*,
   83 F.3d 1136 (9th Cir. 1996)..........................................................................6

*Herbstman v. Eastman Kodak Co.*,
   68 N.J. 1, 342 A.2d 181 (N.J. 1975) ..............................................................8

*Hoey v. Sony Elecs. Inc.*,
   515 F. Supp. 2d 1099, 1103 (N.D. Cal. 2007) ...............................................2

*Jeld-Wen, Inc. v. Nebula Glass International, Inc.*,
   2007 WL 5960207 (S.D. Fla., 2007)............................................................14

*Knievel v. ESPN*,
   393 F.3d 1068 (9th Cir. 2005)........................................................................2

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

*Marko v. Sears, Roebuck & Co.*,
  24 N.J.Super. 295, 94 A.2d 348 (N.J.Super.A.D. 1952 ) .................................9

*Moss v. U.S. Secret Serv.*,
  572 F.3d 962 (9th Cir. 2009) .........................................................................7

*Mullis v. United States Bankr. Ct.*,
  828 F.2d 1385 (9th Cir. 1987).......................................................................6

*Royal Typewriter Co., a Div. of Litton Bus. Sys., Inc. v. Xerographic Supplies Corp.*,
  719 F.2d 1092 (11th Cir. 1983) ...................................................................13

*Sansing v. Firestone Tire & Rubber Company*,
  354 So.2d 895 (1978) ..................................................................................12

*Shaw v. Grumman Aerospace Corporation*,
  593 F.Supp. 1066 (S.D. Fla., 1984) .............................................................14

*Smith v. Burdines, Inc.*,
  144 Fla. 500, 198 So. 223 (1940) ................................................................14

*Van Buskirk v. Cable News Network, Inc.*,
  284 F.3d 977 (9th Cir. 2002)......................................................................2, 7

*Vandercook and Sons, Inc. v. Thorpe*,
  395 F.2d 104 (1968) ....................................................................................12

*Yormack v. Farmers' Co-op. Ass'n of N. J.*,
  11 N.J.Super. 416, 78 A.2d 421 (N.J.Super.A.D. 1951) ................................9

**Statutes**

15 U.S.C. § 2301(7) ............................................................................................15

15 U.S.C. § 3210(d)(1)(B) ...................................................................................15

15 U.S.C. § 3210(d)(3)(C) ...................................................................................15

F.S.A. § 672.317 ..................................................................................................2

Fed. R. Civ. P. 12(b) ..................................................................................6, 7, 11

Fla. Stat. Ann. § 672.315 ....................................................................................13

New Jersey Statute 12A:2-315 .............................................................................9

UCC § 2-317.........................................................................................................2

iv

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Plaintiffs purport to represent a nationwide class of consumers who bought Sony VAIO notebook computers that allegedly suffer "mouse and cursor errors" and "total machine 'lockup'". They assert four counts against Best Buy, all based upon express or implied warranties:  breach of the Magnuson-Moss Warranty Act (count three); breach of express warranty (count four); breach of implied warranty of fitness for a particular purpose (count five); and breach of implied warranty of merchantability (count six).  Compl. ¶¶ 117-164.

Each of the counts is fatally flawed and should be dismissed based upon the allegations of the complaint, the content of the express warranties to which the complaint refers, and applicable law.  Specifically, the limitations imposed upon the express warranties demonstrate that Best Buy did everything it was required to do under the service plans it sold to plaintiffs.  To the extent that plaintiffs rely upon express warranties other than those set forth in their Performance Service Plan ("PSP") and the Geek Squad Black Tie Protection Plan, respectively, those warranties are not adequately alleged under the *Twombly/Iqbal* line of cases.

The implied warranty counts fail for other independent reasons as well.  First, implied warranties cannot contradict the terms of express warranties under Florida and New Jersey law – the states in which plaintiffs purchased their computers and the Best Buy service contracts. Moreover, compliance with the implied warranty of merchantability and the implied warranty of fitness for a particular purpose are determined at the time of the transaction, not later.  Both plaintiffs admit that their computers worked properly for some time after the purchase.  Thus, Best Buy could not have breached the warranties implied into their transactions.  Additionally, the complaint does not adequately allege the computers were recommended by Best Buy for a particular purpose.  "Mobile computing" is not a particular purpose.  Nor have plaintiffs adequately alleged that they relied on actionable representations made by Best Buy.  Nor have they adequately alleged that they relied upon the skill and judgment of Best Buy in selecting which computer to purchase for the particular purpose.

Because the Magnuson Moss Warranty Act count is premised upon the breach of these

BEST BUY'S MOTION TO DISMISS;
MEMO OF P'S AND A'S

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

other warranties, and because those other warranties are inadequately alleged, the Magnuson Moss count must also be dismissed.  More simply, the Magnuson-Moss claim is not cognizable in this court under the express language of 15 U.S.C. 2310(d)(3)(C) because there are less than 100 named plaintiffs.  Without that number of named plaintiffs, the Magnuson Moss count cannot be brought in this court.

For all the foregoing reasons, plaintiffs' complaint against Best Buy should be dismissed.

## II.   PLAINTIFFS' WARRANTY CLAIMS MUST BE DISMISSED BASED UPON THE LIMITATIONS IN THEIR EXPRESS WARRANTIES

The limitations imposed by the Sony Limited Warranty, and Best Buy's inclusion of that warranty in its Plan, demonstrates that the express and implied warranty claims cannot proceed.

### A.   The Express Warranty Claims Must Be Dismissed Because Sony's Express, Limited Warranty Supersedes and Eliminates The Remedies Sought Here

Plaintiffs allege that the VAIO Notebooks have a one-year written limited warranty from Sony (the "Limited Warranty"). [1]  *See, e.g.*, Compl., ¶¶ 37, 77.  Both states where plaintiffs made the purchases have adopted UCC § 2-317;[2] it states in relevant part as follows:  "(c) Express warranties displace inconsistent implied warranties other than an implied warranty of fitness for a particular purpose."   Thus, the implied warranties plaintiffs allege do not supersede the limitations imposed by the express warranties they agreed to.

The Limited Warranty provides in relevant part:

> SONY ELECTRONICS INC. (for US sales) or SONY OF CANADA LTD. (for Canadian sales) ("SONY") warrants this product against defects in material or workmanship for the time periods and as set forth below.  Pursuant to this Limited Warranty,

---

[1]  Copies of the Limited Warranty for the two VAIO Notebook models that plaintiffs allegedly purchased are attached to Sony's Request for Judicial Notice submitted in support of its Motion to dismiss ("Sony RJN") as Exhibits A (Flynn) and B (Egner).  The Court may consider the Limited Warranty in deciding this motion under the doctrine of "incorporation by reference" because plaintiffs repeatedly reference it in the consolidated complaint.  *See, e.g.*, Compl., ¶¶ 28, 37, 39, 77, 134.  *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002); *Knievel v. ESPN*, 393 F.3d 1068, 1076-77 (9th Cir. 2005); s*ee also Hoey v. Sony Elecs. Inc.*, 515 F. Supp. 2d 1099 (N.D. Cal. 2007) (appeal filed 8/1/2008, 9th Cir. Dock. No. 08-16780).

[2]  Plaintiffs purchased their computers in Florida and New Jersey.  Compl. at ¶32, 52.  See F.S.A. § 672.317 (Florida) and N.J.S.A 12A:2-317 (New Jersey).

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

SONY will, at its option, (i) repair the product using new or refurbished parts or (ii) replace the product with a new or refurbished product.  For purposes of this Limited Warranty, "refurbished" means a product or part that has been returned to its original specifications.  **In the event of a defect, these are your exclusive remedies.**

**Term:**  For a period of one year from the original date of purchase of the product, SONY will, at its option, repair or replace with new or refurbished product or parts, any product or parts determined to be defective.…

This Limited Warranty only covers product issues caused by defects in material or workmanship during ordinary use; it does not cover product issues caused by any other reason, including but not limited to, product issues due to commercial use, acts of God, misuse, limitations of technology, or modifications of or to any part of the SONY product.[3]

Sony RJN, Exs. "A" and "B" (emphasis added).  Thus, plaintiffs agreed that their exclusive remedy was repair or replacement by Sony.

**B.     Best Buy's Plans Incorporate Sony's Express, Limited Warranty.**

The warranty claims against Best Buy should be dismissed because both of its Performance Service Plans (characterized in the complaint as express warranties) expressly include the coverage provided by the manufacturer's warranty during the term of the manufacturer's warranty.  Mr. Flynn's provides as follows:

> • This Plan is inclusive of the manufacturer's warranty; it does not replace the manufacturer's warranty, but provides certain additional benefits during the term of the manufacturer's warranty. After the manufacturer's warranty expires, this Plan continues to provide the manufacturer's benefits, as well as certain additional benefits listed within the Plan's Terms and Conditions.

RJN Ex. "A" p.2 column 1, Bullet 3.  The Terms and Conditions of Ms. Egner's Geek Squad Plan similarly provide as follows

> • This Plan is inclusive of your product's manufacturer's warranty; it does not replace your product's manufacturer's warranty, but it does provide certain additional benefits during the term of the manufacturer's warranty.

---

[3] *See* RJN Exh. A; Cohen Decl., ¶¶ 2-3 (authenticating Limited Warranty).  The quoted language appears in the Limited Warranty for VAIO model VGN-SZ650N/C, which is the model that plaintiff Flynn purchased and which is attached as Exhibit A to Sony's RJN.  The Limited Warranty for VAIO model VGN-NW240F/P, which is the model that plaintiff Egner purchased, is attached as Exhibit B to Sony's RJN.  Exhibits A and B are identical.

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

3

- **Parts and services covered during the manufacturer's warranty period are the responsibility of the manufacturer and are not covered under this Plan**.
- **After the manufacturer's warranty expires, this Plan continues to provide the benefits provided by the manufacturer's warranty**, as well as certain additional benefits

RJN Ex. "B" at 3.  Thus, plaintiffs cannot seek recompense from Best Buy for matters that were covered by, and limited by, the Sony warranty.  They expressly agreed that such matters would be covered by Sony's warranty, and not the plan provided by Best Buy.  And, the provisions of Best Buy's Plans are set forth.  Mr. Flynn has taken full advantage of repairs by Best Buy under his Plan as warranted.  Ms Egner has not.

**C.     Ms. Egner Is Not Yet Entitled To Anything From Best Buy Under Her Express Warranty**

Ms. Egner's express warranty count is also fatally flawed because the term of the Sony Limited Warranty and it interplay with the Best Buy Plan.  That is, the Performance Service Plan Ms. Egner purchased from Best Buy has not yet obligated Best Buy to do anything.

As is explained in Sony's pending Motion to Dismiss, and the Limited Warranty Statement (of which judicial notice is requested to be taken there and here), the Sony Limited Warranty covers "a period of one year from the original date of purchase of the product."  (See Sony Request For Judicial Notice ("RJN"), Docket No. 19-3 at p.6, Ex. "B" ("**Term**").)  Plaintiffs allege Egner's purchase occurred on December 11, 2009.  Thus, the Sony warranty runs from that date through December 11, 2010.  Because Best Buy's Performance Service Plan is inclusive of the manufacturer's warranty, Best Buy's Plan has not yet begun to provide coverage for defects.  RJN Ex. "B" at 3.  Additionally, replacement is not provided for until the product requires a fourth repair, as determined in Best Buy's discretion:

> **No Lemon Policy:** After three qualified (3) service repairs have been completed on an individual product and that individual product requires a fourth qualified (4th) repair, as determined by us, we will replace it with a product of comparable performance of like kind and quality not to exceed the original purchase price.

RJN Ex. "B" at 12.  Thus, Best Buy's obligation to repair defects or replace the computer has not

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

1   yet accrued.  Its failure to do anything to date cannot be a breach of warranty.

2   **III.      PLAINTIFFS' EXPRESS WARRANTY COUNT SHOULD BE DISMISSED AS**

3   **AGAINST BEST BUY FOR A FAILURE TO PLEAD IT ADEQUATELY**

4   To the extent that the PSP and the Geek Squad Protection Plan are not the express

5   warranties sued upon, Plaintiffs have failed to plead them with adequate specificity.  The most

6   plaintiffs say about Best Buy's express warranty is that Best Buy employees told Mr. Flynn that

7   "the Sony VAIO line was Best Buy's 'top-of-the-line' portable computer." Compl. ¶30.  The

8   comment is classic puffing, and is not alleged to have been violated. That is, plaintiffs have not

9   alleged that the Sony VAIO notebook is not Best Buy's "top-of-the-line" portable computer.  The

10  employees' comment created no express warranty, much less one that Mr. Flynn could have

11  relied upon two months later when he returned to Best Buy and bought a Sony VAIO.  Compl.

12  ¶31.

13  Although conclusorily, and thus inadequately, plaintiffs allege that Best Buy "made a

14  statement of fact and promise warranting the Sony Vaio Notebooks would be free against defects

15  for three years from the original date of purchase warranting it would repair or replace the VAIO

16  Notebook if it was found to be defective." Compl. ¶134.  It bears noting at the outset that one

17  cannot state a fact about the condition of a product three years in the future.  One can only

18  warrant it.  That is, if defects occur, Best Buy would fix them or replace the computer.  That is all

19  that was agreed to be done. And, that is what the allegations disclose Best Buy did (at least as to

20  Mr. Flynn).  Upon the facts alleged, plaintiffs have not alleged a breach of that express warranty

21  by Best Buy.

22  The complaint appears to be alleged more in the language of fraud than warranty.

23  However, there is no specific allegation concerning a statement of fact made to Ms. Egner.  And

24  the explanatory allegation concerning Mr. Flynn's transaction demonstrates that Best Buy's

25  statement was that it would merely provide warranty service for three years following the

26  purchase (save the period covered by the manufacturer's warranty).  Compl. at ¶¶32, 134.  There

27  is no allegation that anyone at Best Buy warranted that the Sony VAIO was "of the same quality

28  as those [computers] generally acceptable in the trade." Compl. at ¶135.  Moreover, the other

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

81448188.2                                  5                    BEST BUY'S MOTION TO DISMISS;
                                                                MEMO OF P'S AND A'S

1    alleged breach of the express warranty – that the Sony VAIO computers were not "fit for their

2    ordinary purpose for which such goods are used" – is alleged in the language of an implied

3    warranty and is not linked to anything that anyone at Best Buy said. *Id.*  That is, there is no who,

4    what, when, and how that is alleged so Best Buy can reasonably understand the claim alleged.

5         As to Ms. Egner, there is not even an allegation that she presented her computer for repair

6    to Best Buy.  All she alleges is that she called Best Buy and found out that repair attempts made

7    by Sony do not count against Best Buy's "three attempts" replacement policy. Compl. at ¶¶64,

8    72.  Nowhere does Ms. Egner allege that this violates the terms of the service contract she

9    purchased from Best Buy (and upon which her express warranty claim is apparently based).

10   Indeed, Best Buy's statement directly comports with the Terms and Conditions of the Geek Squad

11   Black Tie Protection plan she purchased.  See RJN Ex. "B" at 12 "No Lemon Policy".  These

12   allegations are plainly inadequate to sustain her claim.

13        Both plaintiffs have failed to allege plausible claims for breaches of warranty.  "[A]

14   complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

15   plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009)

16   (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007)).  "A claim

17   has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

18   reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*,

19   550 U.S. at 556).  This standard "asks for more than a sheer possibility that a defendant has acted

20   unlawfully."  *Id.*  "Where a complaint pleads facts that are 'merely consistent with' a defendant's

21   liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"

22   *Id.* (quoting *Twombly*, 550 U.S. at 557).  "Determining whether a complaint states a plausible

23   claim for relief . . . requires the reviewing court to draw on its judicial experience and common

24   sense." *Id.* at 1950.

25        On a Rule 12(b) motion to dismiss, courts assume the truth of all factual allegations, but

26   do not accept conclusions, allegations contradicted by judicially noticed facts, or unwarranted

27   inferences as true.  *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996); *Mullis v.*

28   *United States Bankr. Ct.,* 828 F.2d 1385, 1388 (9th Cir. 1987).   Under the doctrine of

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

BEST BUY'S MOTION TO DISMISS;
MEMO OF P'S AND A'S

"incorporation by reference," courts may consider documents referenced or relied on extensively in a complaint on a Rule 12(b)(6) motion. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). "[T]he non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

## IV.   PLAINTIFFS' IMPLIED WARRANTY CLAIMS MUST BE DISMISSED BASED UPON THE FACTS ALLEGED AND THE PROVISIONS OF THE EXPRESS WARRANTIES

The allegations of the complaint disclose several complete defenses to plaintiffs' warranty claims against Best Buy.  Some of them arise from the operation and repair of plaintiffs' notebook computers.  Others arise from the language of the express warranties they purchased from Best Buy.

All of plaintiffs' implied warranty claims must be dismissed because the complaint admits that their computers were merchantable and fit for their intended purpose at the time of their purchase.  That is, plaintiffs have not adequately alleged defects in their computers that existed at the time they purchased them.  That is what is required to state a claim for breach of implied warranty under the laws of New Jersey and Florida where plaintiffs purchased their computers.  If the computers were not defective at the time of their purchase, plaintiffs' implied warranty counts cannot proceed.

### A.   Ms. Egner's Implied Warranty Claims Must Be Dismissed Because The Complaint Admits Her Computer Was Merchantable And Fit For Its Intended Purpose At The Time Of Its Purchase.

Ms. Egner admits that her computer worked for "approximately one week" before it started functioning "erratically." Compl. at ¶53.  As the authorities below demonstrate, only the condition of the goods at the time of their purchase is relevant in determining whether an implied warranty has been breached.  Because the computer is admitted not to have malfunctioned until "approximately one week after purchase," *id.*, neither of the implied warranty counts can survive.

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

1.     **The Implied Warranty Claims Should Be Dismissed Because There Is No Liability Under <u>New Jersey</u> Law If The Alleged Defect Did Not Exist At The Time Of The Sale.**

Ms. Egner purchased her computer from Best Buy in New Jersey. Compl. ¶ 52.  It did ot malfunction until approximately a week later.  Under New Jersey law, there can be no breach of implied warranty because the claimed defect did not exist at the time of the sale.  The New Jersey Supreme Court explained the principle in *Herbstman v. Eastman Kodak Co.*, 68 N.J. 1, 7-8, 342 A.2d 181 (N.J. 1975).

> To invoke this doctrine [of implied warranty of reasonable suitability of the article for its intended use] it is essential to prove that the product was defective when placed in the stream of commerce. [Citations.]  Since the plaintiff did not prove that the defect existed when the manufacturer or even the pharmacy sold the camera, a cause of action predicated upon strict liability is not maintainable.

The Court explained that the plaintiff's claim fares no better under the Commercial Code. "[T]he implied warranties referred to in the Code contemplate that the defect or condition which causes nonmerchantability or nonfitness existed at the time the seller transferred the product." *Id.* at 8. *See also*, *A-Leet Leasing Corp. v. Kingshead Corp.*, 150 N.J. Super. 384, 375 A.2d 1208 (A.D.1977), cert. denied 75 N.J. 528, 384 A.2d 508.

Additionally, here, plaintiffs' apparent ability to correct the defect by resetting the factory settings, or to use an external mouse, renders the defect alleged and the cost of repair minor.  As such, it cannot be said to result in a substantial impairment of the value of the notebook.  And in such circumstances, the implied warranty of merchantability is not breached as a matter of law. *See Herbstman*, 68 N.J. at 9.

Although Ms. Egner has not yet afforded Best Buy the opportunity to do so, no implied warranty claim will lie so long as any defects are remedied by Best Buy "willingly and promptly" See *Adams v. Peter Tramontin Motor Sales, Inc.*, 42 N.J.Super. 313, 325, 126 A.2d 358 (N.J. Super. A.D. 1956) (affirming rejection of implied warranty claim where "The motor had to be adjusted, loose elements tightened, the locks corrected, the dome light fixed, and a rumbling noise eliminated. All this was done. The record shows, as noted, that whatever repairs and adjustments

1   had to be made were admittedly taken care of by defendant willingly and promptly.")

2         **2.**     **Ms. Egner's Claim For Implied Warranty Of Fitness For A Particular**

3                   **Purpose Should Be Dismissed For The Failure To Allege Best Buy's**

4                   **Knowledge, A Particular Purpose, Or Reliance**

5   Under New Jersey Statute 12A:2-315 , "Where the seller at the time of contracting has

6   reason to know any particular purpose for which the goods are required and that the buyer is

7   relying on the seller's skill or judgment to select or furnish suitable goods, there is unless

8   excluded or modified under the next section an implied warranty that the goods shall be fit for

9   such purpose."  None of the elements of this implied warranty are adequately alleged.

10   Plaintiffs conclusorily allege that "At the time of purchase, defendants knew or had reason

11   to know plaintiffs intended to use the product for a particular purpose, mobile computing. [¶] At

12   the time of purchase, defendants knew or had reason to know plaintiffs were relying on their skill

13   and judgment to furnish a product that was suitable for the particular purpose." Compl. at 144-45.

14   First, "mobile computing" is not a particular purpose for which the implied warranty provides

15   coverage.  For purposes of the defect claimed, mobility is irrelevant; computing is the general

16   purpose of all computers and is the feature of the computer upon which the warranty of

17   merchantability is based.  Thus, plaintiff has either failed to adequately allege the *particular*

18   purpose, and the motion should be granted for the absence of a plausible theory of liability under

19   the count, or no more can be alleged and the count should be dismissed with prejudice for the

20   absence of a particular purpose.

21   Other particular purposes held sufficient to state a claim readily demonstrate the absence

22   of a particular purpose here.  See *Duall Bldg. Restoration, Inc. v. 1143 East Jersey Ave.,*

23   *Associates*,  279 N.J. Super. 346, 652 A.2d 1225 (N.J.Super.A.D,1995) ("assurances, conveyed

24   by a sales manager for [] exclusive distributor in the area, that even if [paint] was applied on top

25   of asphalt, it would adhere satisfactorily to the underlying bricks," provided only that the loose

26   asphalt had first been removed); *Yormack v. Farmers' Co-op. Ass'n of N. J.*, 11 N.J.Super. 416, 78

27   A.2d 421 (N.J. Super. A.D. 1951) (use of insecticide for particular purpose around chickens

28   without causing chickens' deaths); *Marko v. Sears, Roebuck & Co.*, 24 N.J.Super. 295, 299,  94

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

A.2d 348 (N.J. Super. A.D. 1952 ) (lawnmower to be used "used on rough, uneven ground to cut high grass and brush")

Additionally, plaintiffs have failed to allege any fact upon which either of them relied in Best Buy's supposed exercise of skill and judgment in recommending the Sony VAIO for a particular purpose.  Indeed, *nothing* is alleged in this regard as to Plaintiff Egner, and the only thing that is alleged as to Plaintiff Flynn is that Best Buy recommended the Sony VAIO as its "top-of-the-line".  The former demonstrates the absence of a particular purpose and reliance.  The latter demonstrates that the product was not "recommended" as being fit for a particular purpose.  Rather, it was promoted as being the best among those offered for the same *general* purpose, i.e. notebook computing.  Thus, neither has adequately alleged facts sufficient to state a claim for breach of an implied warranty for a particular purpose.

### B.   Mr. Flynn's Express Warranty Claim Must Be Dismissed Because of the Stated Limitations on the Express Warranty

Nowhere in the complaint has Mr. Flynn alleged that Best Buy failed to perform repairs under a warranty.  Indeed, Mr. Flynn's computer operated normally when it was restored to its factory settings by Best Buy.  Repair is all that was required by the express warranty he purchased from Best Buy.  Indeed, that is the entire purpose of the Performance Service Plan ("PSP") he purchased.

Among its other terms, the PSP explains that "This is a legal contract. By purchasing it, you understand that it is such a contract and acknowledge that you have had the opportunity to read the Terms and Conditions set forth herein." (RJN "A", p. 1, Column 2.)  The PSP then states in its Terms and Conditions that "• This Plan does not cover computer software or computer software related failures." (RJN, "A", p. 2, column 3.)  And yet, because the restoration of factory settings consistently resolved Mr. Flynn's problems, it stands to reason that the failures of which he complains are "computer software or computer software related failures."

During the warranty period, plaintiff Flynn alleges that he sought repair from Best Buy and that Best Buy repaired his VAIO Notebook each time.  Consol. Compl., ¶¶ 39-40, 43. Mr. Flynn concludes that the cause of the mouse and cursor issues he experienced is the trackpad

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

1   hardware component.  But his allegations do not support his conclusion.  At best, they indicate a

2   potential software or settings issue.  The Limited Warranty covers hardware components.  Sony

3   RJN, Exh. A.  It does not cover software.  *Id.*  Neither does Best Buy's.  RJN Ex. "A" p.2 col. 3.

4       Best Buy serviced his computer by reinstalling software and restoring the computer to its

5   factory settings.  Plaintiff Flynn alleged he did the same thing when he periodically experienced

6   issues with the mouse and cursor.  *Id.*, ¶ 42.  Such allegations regarding software fall short of

7   demonstrating that the trackpad hardware component was the plausible cause of the mouse and

8   cursor issues.  *Ashcroft*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556) (holding complaint

9   must do more than plead facts that are "'merely consistent with' a defendant's liability" to survive

10  Rule 12(b)(6) motion to dismiss).  Rather, they indicate the purported issue was a software issue,

11  which is not covered under Sony's or Best Buy's warranty.  Plaintiff Flynn's express warranty

12  claim therefore fails.

13      Mr. Flynn also can have no complaint concerning the location at which services were to

14  be performed, since he agreed that "Repairs will be performed at our [Best Buy's] discretion by a

15  Best Buy service center or authorized third party servicer." *Id.* at p. 2, column 1.  Nor can Mr.

16  Flynn complain about delays associated with shipping to the service center at which his repairs

17  were performed:  "Availability of Services: While we try to complete service as quickly as

18  possible, we are not responsible for delays caused by factors beyond our control, including but

19  not limited to manufacturer's delays, parts availability, shipping to a regional service facility or

20  'Acts of God.'" *Id.*  Indeed, Best Buy was not even responsible for the repairs that were to have

21  been provided in the first year after Mr. Flynn's purchase:  "Manufacturer's Responsibilities:

22  Parts and services covered during the manufacturer's warranty period are the responsibility of the

23  manufacturer." *Id.* at p.2, column 3; see also Sony RJN Ex. "A".  It provided them anyway.

24  **C.      The Implied Warranty Claims Should Be Dismissed Because There Is No**

25  **Liability Under Florida Law If The Alleged Defect Did Not Exist At The Time**

26  **Of The Sale.**

27      Mr. Flynn purchased his computer from Best Buy in Florida. Compl. ¶32.  Florida law is

28  similar to that of New Jersey and similarly prevents Mr. Flynn's claim from proceeding because

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

the defect in the computer had not manifested at the time of its sale.  This is the standard under both the implied warranty of merchantability and the implied warranty of fitness for a particular purpose, although the quantum of pleading and proof of the latter is more exacting.[4]

Under Florida law , liability can only be imposed under the theory of implied warranty when it has been proven that: (1) Plaintiff was a foreseeable user of the product; (2) the product was being used in the intended manner at the time of the injury; *(3) the product was defective when transferred from the warrantor*; and (4) the defect caused the injury.  *Amoroso v. Samuel Friedland Family Enterprises*, 604 So.2d 827 (1992) (emphasis added); see also *Sansing v. Firestone Tire & Rubber Company*, 354 So.2d 895 (1978) ("the standard of safety of goods imposed on the seller or manufacturer of a product is essentially the same whether the theory of liability is labeled warranty or negligence or strict tort liability: the product must be not unreasonably dangerous at the time it leaves the defendant's possession if employed in the manner in which it was intended to be used or put to a special use known before hand by the defendant."); *Vandercook and Sons, Inc. v. Thorpe*, 395 F.2d 104 (1968) (under Florida law, a plaintiff must show that a defect existed in the product before it left the manufacturer, that this defect caused the injury, that he was a person who was reasonably intended to use the product, and that the product was being used in the intended manner).  Plaintiff has failed to allege the crucial third element as to Mr. Flynn's computer. Indeed, the allegations of the complaint demonstrate its opposite.

_____

[4] To be of merchantable quality under Florida Statute 672.314(2), goods must:
    (a) Pass without objection in the trade under the contract description; and
    (b) In the case of fungible goods, are of fair average quality within the description; and
    (c) Are fit for the ordinary purposes for which such goods are used; and
    (d) Run, within the variations permitted by the agreement, of even kind, quality and quantity within each unit and among all units involved; and
    (e) Are adequately contained, packaged, and labeled as the agreement may require; and
    (f) Conform to the promises or affirmations of fact made on the container or label if any.

To be of fit for a particular purpose under Florida Statute 672.315, the warranty is judged by a different standard: "Where the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is unless excluded or modified under the next section an implied warranty that the goods shall be fit for such purpose."

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

BEST BUY'S MOTION TO DISMISS;
MEMO OF P'S AND A'S

1   Mr. Flynn's implied warranty claims must be dismissed because the complaint admits his

2   computer was merchantable and fit for its intended purpose at the time of its purchase. Mr. Flynn

3   admits that his computer worked for "weeks after purchasing it" before he began experiencing

4   problems. Compl. at ¶¶35, 37.  Because the computer is admitted not to have malfunctioned until

5   "weeks after purchasing it," neither of the implied warranty counts can survive. See *id*.

6   The inadequacy of the implied warranty counts is also demonstrated by Best Buy's

7   repeated repairs of Mr. Flynn's computer that allowed it to function as expected.  In the first

8   repair, Best Buy restored the computer to its factory settings. Compl. at ¶40.  Mr. Flynn did the

9   same as a form of self-help periodically when he experienced malfunctions. Compl. ¶42.  He did

10   not return to Best Buy for fifteen (15) months between the first repair he sought and the second.

11   Compl. ¶¶ 37, 40 (late-December or early January 2008), ¶43 (April 2009).  Mr. Flynn did not

12   return to Best Buy for another repair until five (5) months after that, and admits that in the

13   interim, the computer "operated normally for a few months."  Compl. ¶¶ 45-46 (September 2009).

14   If anything, these allegations demonstrate that the express warranty that Mr. Flynn

15   purchased from Best Buy functioned exactly as represented.

16   **D.      The Implied Warranty Of Fitness for a Particular Purpose Count Must Be**

17   **Dismissed For The Absence Of A Particular Purpose, Knowledge, And**

18   **Reliance**

19   Under Florida law, a warranty of fitness for a particular purpose arises, "where a seller has

20   reason to know a particular purpose for which the goods are required and the buyer relies on the

21   seller's skill or judgment to select or furnish suitable goods."  *Royal Typewriter Co., a Div. of*

22   *Litton Bus. Sys., Inc. v. Xerographic Supplies Corp*., 719 F.2d 1092, 1100 (11th Cir. 1983) (*citing*

23   Fla. Stat. Ann. § 672.315).  "A particular purpose differs from an ordinary purpose in that it

24   envisages a specific use by the buyer which is peculiar to the nature of his business."  *Id.*

25   "Mobile computing" is as close as plaintiffs ever get to identifying a particular purpose.

26   That purpose is neither peculiar to them, nor to the entire category of products in which

27   computers reside.  When compared to the particular purposes in other cases held sufficient to

28   support an implied warranty, it is readily apparent that plaintiffs' asserted particular purpose is

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

not sufficiently particular to permit the count to proceed.  See *Jeld-Wen, Inc. v. Nebula Glass International, Inc.*, 2007 WL 5960207 (S.D. Fla., 2007) (finding use of resin to make glass tat can withstand hurricanes a particular purpose); *Shaw v. Grumman Aerospace Corporation*, 593 F.Supp. 1066, 1073 (S.D. Fla., 1984) (aircraft to be designed to exacting Navy specifications for design, operation, inspection and maintenance); *Automated Medical Laboratories, Inc. v. Armour Pharmaceutical Company*, 629 F.2d 1118 (5th Cir. 1980) (sale of blood plasma without suitable screening for hepatitis).

The implied warranty claim also fails for the absence of any specific allegations of reliance.  "When the seller knows the purpose for which the buyer buys an article and that he is relying upon the seller's skill and judgment, an implied warranty of fitness for which the article is purchased arises as a matter of law."  *Brown v. W. H. Hall*, 221 So.2d 454, 457, 6 UCC Rep.Serv. 651 (1969) (selection of a used dump truck for plaintiff's specified purpose); *Smith v. Burdines, Inc.*, 144 Fla. 500, 198 So. 223 (1940) (plaintiff harmed by poisonous lipstick after plaintiff requested lipstick that was guaranteed under the pure food law as Grade A).  Best Buy's unattributed "top-of-the-line" comment does not support reliance.

### E.   The Complaint Admits That Best Buy Did Not Know Whether Plaintiffs' Computers Would Function Or Malfunction

Plaintiffs have alleged that Best Buy knew or recklessly disregarded the fact that the alleged defect in the Vaio "might not be discovered, if at all, until the defective VAIO Notebooks had been used for a period of time longer than the period of any written warranty." Compl. ¶37. If Best Buy knew that the defect might not manifest within the warranty period then it could not have known that the defect existed at the time of the sale.  Regardless, if the malfunction was not to manifest until some time later, then it did not exist at the time of sale.  And if the defect did not exist at the time of sale, then there is no breach of the implied warranty of merchantability or fitness for a particular purpose under applicable law.

BEST BUY'S MOTION TO DISMISS; MEMO OF P'S AND A'S

1

2

**V.     PLAINTIFFS' MAGNUSON-MOSS WARRANTY ACT COUNT SHOULD BE DISMISSED**

3      Plaintiffs' Third Count under the Magnuson-Moss Warranty Act should be dismissed for

4   two reasons.  First, the count should be dismissed under 15 U.S.C. § 2310(d)(3)(C) because there

5   are less than one hundred named plaintiffs in the action as is required to have the claim heard in

6   federal district court.  Second, the failure to adequately allege an underlying state law warranty

7   claim, for the reasons set forth above, precludes plaintiffs' Magnuson Moss Act count based upon

8   an express or implied warranty. *See Daugherty v. Am. Honda Motor Co.*, 144 Cal. App. 4th 824,

9   830 (2006); 15 U.S.C. § 2301(7).

10      Subpart (d)(1)(B) of 15 U.S.C. § 2310 creates a right to bring an action for a violation of

11   the Act.[5]  However, such an action is not permitted to be brought in federal district court where it

12   is alleged as a class action unless there are at least one hundred plaintiffs named in the action.

13   Subdivision (d)(3)(C) provides:  "(3) No claim shall be cognizable in a suit brought under

14   paragraph (1)(B) of this subsection … (C) if the action is brought as a class action, and the

15   number of named plaintiffs is less than one hundred."  *See also Churchill Vill., L.L.C. v. Gen.*

16   *Elec.*, 361 F.3d 566, 574 n.5 (9th Cir. 2004) (stating that "[plaintiffs'] claims do not appear viable

17   in light of the requirement of 100 named plaintiffs to maintain a federal class action based on the

18   [Magnuson-Moss] Act"); *see also  Abraham v. Volkswagen of Am., Inc*., 795 F.2d 238, 243-47

19   (2d Cir. 1986) (recognizing the Magnuson-Moss Act's 100 named-plaintiff requirement).  Here,

20   plaintiffs have two (2) named plaintiffs, far short of the requisite 100.  Accordingly, plaintiffs'

21   Magnuson-Moss Act claim should be dismissed.

22

23

24

_____

25   [5]  It provides:  "(1) Subject to subsections (a)(3) and (e) of this section, a consumer who is
damaged by the failure of a supplier, warrantor, or service contractor to comply with any

26   obligation under this chapter, or under a written warranty, implied warranty, or service contract,
may bring suit for damages and other legal and equitable relief—

27   "(A) in any court of competent jurisdiction in any State or the District of Columbia; or
"(B) in an appropriate district court of the United States, subject to paragraph (3) of this

28   subsection."

BEST BUY'S MOTION TO DISMISS;
MEMO OF P'S AND A'S

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

1  **VI.    CONCLUSION**

2  For the foregoing reasons, Best Buy respectfully requests that the Court grant its motion to

3  dismiss without leave to amend.

4  DATED:  April 22, 2010            **ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**
                                    MICHAEL A. GEIBELSON (Bar No. 179970)
5                                   mageibelson@rkmc.com

6

7                                   By:   /s/ Michael A. Geibelson_____

8                                         Michael A. Geibelson
                                          Attorney for Defendant
9                                         Best Buy Co., Inc.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

**PROOF OF SERVICE**
**[1013A (3) C.C.P.]**

**STATE OF CALIFORNIA**          )
                                 ) ss.
**COUNTY OF LOS ANGELES**        )

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 2049 Century Park East, Suite 3400, Los Angeles, California  90067-3208.

On **April 22, 2010**, I served the foregoing document described as **DEFENDANT BEST BUY CO., INC.'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES** in this action by placing a true and correct copy thereof enclosed in a sealed envelope addressed as follows:

> Helen Irene Zeldes
> Zeldes & Haegguist, LLP
> 625 Broadway, Suite 906
> San Diego, CA  92101

**[X]**     **BY MAIL:**  I caused such envelope to be deposited in the mail at Los Angeles, California.  The envelope was mailed with postage thereon fully prepaid.  I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or the postage meter date is more than one day after the date of deposit for mailing in affidavit.

[X]     (Federal)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on **April 22, 2010**, at Los Angeles, California.

                              /s/ Michael A. Geibelson
                              _____

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

81448570.1