FILED

10 OCT 28 AM 10: 59

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re SONY VAIO COMPUTER NOTEBOOK TRACKPAD LITIGATION | CASE NO. 09cv2109 BEN (RBB)<br><br>**ORDER:**<br>• **DENYING BEST BUY'S MOTION TO DISMISS**<br>• **GRANTING IN PART AND DENYING IN PART SONY'S MOTION TO DISMISS**<br><br>[Dkt. Nos. 19, 20, 22, 26] |

## INTRODUCTION

Defendants Sony Electronics, Inc. and Best Buy Co., Inc. have separately moved to dismiss Plaintiffs' Consolidated Complaint ("Consol. Compl."). (Dkt. Nos. 19-20.) Plaintiffs Ronald Flynn and Christine Egner purchased Sony VAIO notebooks from Best Buy stores and allege that Defendants manufactured, marketed, and sold VAIO notebooks with defective trackpads. Defendants move to dismiss all of Plaintiffs' claims for relief. For the reasons discussed below, Best Buy's motion to dismiss is **DENIED** and Sony's motion to dismiss is **GRANTED in part and DENIED in part.**

///

## BACKGROUND

Plaintiffs allege that Defendants manufactured, marketed, and sold VAIO notebooks with defective trackpads that "cause the onscreen cursor to: (a) track in reverse, e.g. the cursor moves in a direction opposite to the user's input; (b) freeze or fail to register user input; or (c) engage in erratic behavior, e.g. randomly open and close windows and programs (the "Defect")." (Consol. Compl. ¶ 2.) Flynn alleges an eventual lockup of the entire computer. (Consol. Compl. ¶ 36.) Plaintiffs claim that the defect makes the notebooks useless for their intended purpose — mobile computing. (Consol. Compl. ¶ 3.)

Plaintiffs allege Sony and Best Buy have known about the defect from other consumer complaints and from Plaintiffs' many complaints, but have failed to repair the defect, replace the notebook, or refund the cost despite Plaintiffs' many attempts to have the notebooks repaired. (Consol. Compl. ¶¶ 23, 39-41, 43-44, 46-50, 54-62, 64-65, 72.) Plaintiff Flynn purchased his notebook from a Best Buy store in Florida. (Consol. Compl. ¶ 7.) Plaintiff Egner purchased her notebook from a Best Buy store in New Jersey. (Consol. Compl. ¶ 8.) Both notebooks carried warranties from Sony and both Plaintiffs purchased extended warranties from Best Buy. (Consol. Compl. ¶¶ 7-8, 33, 134.)

Defendants were afforded numerous opportunities to fix Plaintiffs' notebooks. Flynn's first of five repair attempts was within weeks of purchase. (Consol. Compl. ¶ 38.) The repair attempts were unsuccessful, but neither Best Buy or Sony offered to replace his computer or refund the $2,300 paid for the notebook. (Consol. Compl. ¶¶ 39-50.) Egner's first of eight repair attempts was within a week of purchase. (Consol. Compl. ¶¶ 52-71.) When initial repair attempts failed, Egner requested a refund of the $995 paid for her notebook, but Best Buy refused. (Consol. Compl. ¶ 61.) After additional repair attempts failed, Egner asked for a replacement computer. (Consol. Compl. ¶ 64.) But, rather than replacing it, Best Buy demanded Egner submit her notebook three more times before Best Buy would consider replacement because the previous repair attempts "did not count" as repair attempts for purposes of the warranty replacement. (*Id.*)

///

# DISCUSSION

Plaintiffs' claims must "raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true (even if doubtful in fact)." *Bell Atlantic, Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A claim is facially plausible when the allegations of the complaint allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

When considering a motion to dismiss, the Court must accept the truth of all well-pleaded factual allegations, draw any reasonable inferences from those allegations, and construe the complaint in the light most favorable to the plaintiff. *Johnson v. Riverside Healthcare Sys., LP,* 534 F.3d 1116, 1122 (9th Cir. 2008). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable and that a recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556.

Plaintiffs allege ten claims for relief in the Consolidated Complaint: (1) California Consumer Legal Remedies Act; (2) California Business and Professions Code §§ 17200; (3) Magnuson-Moss Warranty Act; (4) Breach of Express Warranty; (5) Breach of Implied Warranty of Fitness for a Particular Purpose; (6) Breach of Implied Warranty of Merchantability; (7) Negligence and Strict Liability; (8) Common Counts, Assumpsit, and Declaratory Relief; (9) New Jersey Consumer Fraud Act; (10) and Florida Deceptive And Unfair Trade Practices Act. All claims are asserted against Sony. Only the warranty claims are asserted against Best Buy.

## I.   Warranty Claims

### A.   Breach of Express Warranty

Defendants move to dismiss Plaintiffs' fourth claim for breach of express warranty. Sony claims that Plaintiffs cannot succeed on their claims for breach of the express warranty because neither sought repair in compliance with the terms of the warranty, Egner's notebook is still under warranty, and Plaintiffs have not alleged the trackpad, rather than software

problems, caused the mouse and cursor issues. Best Buy argues that its warranty obligations did not commence until Sony's warranty expired. However, the allegations of the Consolidated Complaint are to the contrary.

"In order to plead a cause of action for breach of express warranty, one must allege the exact terms of the warranty, plaintiff's reasonable reliance thereon, and a breach of that warranty which proximately causes plaintiff injury." *Williams v. Beechnut Nutrition Corp.*, 185 Cal. App. 3d 135, 142 (2nd Dist. 1986). The omission of specific pleadings as to reliance are not fatal if "reliance can be reasonably inferred from the tenor and totality of the allegations in the complaint." *Id.*

Plaintiffs have alleged the exact terms of the warranties. (Consol. Compl. ¶¶ 28, 134.) And the Court can infer reliance from the totality of the allegations, including Plaintiffs' purchase of extended warranties from Best Buy that were inclusive of Sony's warranty at the time both notebooks were purchased. (Consol. Compl. ¶¶ 7-8, 31, 33, 134.)

Plaintiffs have also alleged a breach of the warranties. Flynn sought repair five times within the Sony and Best Buy warranty periods from Best Buy, a Sony authorized service facility. (Consol. Compl. ¶¶ 28, 31, 38-39, 40-41, 43-44, 46, 49, 131.) Egner sought repair or replacement within the Sony and Best Buy warranty periods from Sony and Best Buy at least eight times. (Consol. Compl. ¶¶ 54-59, 61-62, 64-65.) And while Egner's notebook is within both warranty periods and Flynn's notebook is within the Best Buy warranty period, Plaintiffs have still alleged a breach of the warranty because Sony and Best Buy have had significant opportunities to repair or replace the notebooks and have failed to do either in breach of their obligations under the warranties. (Consol. Compl. ¶¶ 29-72.) Plaintiffs have also alleged that the Best Buy warranty commenced on the date of purchase and the warranty itself reflects that it was inclusive of the Sony warranty. (Consol. Compl. ¶ 134; Best Buy's RJN, Ex. B.) Finally, Defendants' argument that the trackpad defect Plaintiffs allege was a software problem, rather than the trackpad, cannot succeed because the Court must accept the truth of Plaintiffs' allegations. *Johnson*, 534 F.3d at 1122. Defendants' motions to dismiss Plaintiffs' fourth claim for relief are **DENIED**.

**B.     Breach of Implied Warranty of Fitness for a Particular Purpose and Implied Warranty of Merchantability**

Defendants move to dismiss Plaintiffs' fifth and sixth claims for breach of the implied warranty of fitness for a particular purpose and implied warranty of merchantability. Sony argues that Plaintiffs lack vertical privity with Sony and the trackpad defect does not preclude the use of the notebook for its intended purpose. Best Buy moves to dismiss the implied warranty claims because Plaintiffs have not specifically alleged the defect existed at the time of sale.

"The general rule is that privity of contract is required in an action for breach of . . . implied warranty and that there is no privity between the original seller and a subsequent purchaser who is in no way a party to the original sale." *All West Elecs., Inc. v. M-B-W, Inc.*, 64 Cal. App. 4th 717, 725 (2nd Dist. 1998). However, a plaintiff may maintain an implied warranty claim against a manufacturer when a plaintiff is a third party beneficiary of a contract between the manufacturer, Sony, and a third party, Best Buy. *See Cartwright v. Viking Indus., Inc.*, 249 F.R.D. 351, 356 (E.D. Cal. 2008) (relying on *Gilbert Fin. Corp. v. Steelform Contracting Co.*, 82 Cal. App. 3d 65, 69 (2nd Dist. 1978)).

Plaintiffs have alleged that pursuant to an agreement between Best Buy and Sony, Best Buy is Sony's authorized retailer and a Sony authorized service facility. (Consol. Compl. ¶¶ 143, 156.) Plaintiffs further alleged that Plaintiffs are beneficiaries of such a contract. (*Id.*) While the Court declines to accept Plaintiffs' legal conclusion — that Plaintiffs are third party beneficiaries of a contract between Sony and Best Buy — as true, the facts alleged and reasonable inferences drawn from them are sufficient to survive a motion to dismiss. *Iqbal*, 129 S. Ct. at 1949-50 (finding the Court is not required "to accept as true a legal conclusion couched as a factual allegation," but reiterating that factual allegations are accepted as true).

Sony's and Best Buy's remaining arguments require the Court to view Plaintiffs' complaint in the light most favorable to *Defendants*, rather than *Plaintiffs*, ignore allegations, and go beyond the allegations of Plaintiffs' complaint.

///

Best Buy claims that the trackpads were not defective at the time of sale, precluding an implied warranty claim, because Plaintiffs alleged the defect manifested a week after purchase. Sony would have the Court infer that the notebook was not defective at sale because the defect did not appear for a week. When considering a motion to dismiss, the Court "must draw inferences in the light most favorable to the *plaintiff*," not Defendants. *Barker v. Riverside Cnty. Office of Educ.*, 584 F.3 821, 824 (9th Cir. 2009) (emphasis added).

Sony claims that the notebooks may still be used for their intended purpose because the notebooks could be used with an external mouse. This argument presents two problems. First, Plaintiffs have alleged that the trackpad caused numerous problems, including locking up the notebook, which would have rendered it unusable. Sony's assertion that the notebooks were still usable contradicts the allegations of Plaintiffs' complaint. Second, the Court cannot consider Sony's assertion that the notebooks would have worked with an external mouse when no such allegation was made in Plaintiffs' complaint. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) ("Review is limited to the contents of the complaint."). Defendants' motions to dismiss Plaintiffs' fifth and sixth claims for relief are **DENIED**.

## II.   Magnuson-Moss Warranty Act

Defendants move to dismiss Plaintiffs' third claim for violation of the Magnuson-Moss Warranty Act because Plaintiffs have named less than one hundred plaintiffs.[1] 15 U.S.C. § 2310(d)(3)(C). Plaintiffs respond that the Class Action Fairness Act ("CAFA") provides an alternative basis for federal jurisdiction over Magnuson-Moss claims.

Defendants rely on the language of the statute itself and a Ninth Circuit decision that predates the passage of CAFA in 2005. Section 2310(d)(3)(C) states that no claim shall be cognizable in district court "if the action is brought as a class action and the number of named plaintiffs is less than one hundred." In 2004, before passage of CAFA, the Ninth Circuit noted that a Magnuson-Moss claim did "not appear viable in light of the requirement of 100 named plaintiffs to maintain a federal class action based on the Act." *Churchhill Vill., LLC v. General*

---

[1] Defendants also moved to dismiss the Magnuson-Moss claim based on Plaintiffs' failure to adequately allege an underlying state law warranty claim, but, as discussed above, Plaintiffs have alleged actionable breach of warranty claims.

*Elec.*, 361 F.3d 566, 574 n.5 (9th Cir. 2004).

However, courts considering the viability of a Magnuson-Moss claim following passage of CAFA have found that CAFA jurisdiction includes class actions filed pursuant to Magnuson-Moss that fail to meet the strict jurisdictional requirements of Magnuson-Moss. *Chavis v. Fidelity Warranty Servs., Inc.*, 415 F. Supp. 2d 620, 626 (D.S.C. 2006) (finding CAFA jurisdiction includes class actions filed pursuant to the Magnuson-Moss Act that fail to meet the provisions of 15 U.S.C. § 2310(1)(B)); *NVIDIA GPU Litig.*, No. 08-4312, 2009 WL 4020104, at *7 n.5 (N.D. Cal. Nov. 19, 2009) (finding Plaintiffs satisfied the Magnuson-Moss Act's jurisdictional requirement because they alleged jurisdiction based on CAFA); *Wolph v. Acer Am. Corp.*, No. 09-1314, 2009 WL 2969467, at *3 (N.D. Cal. Sept. 14, 2009) (summarizing cases and finding "that because Plaintiffs allege an alternative basis for jurisdiction under CAFA, the Court has jurisdiction to adjudicate Plaintiffs' Magnuson-Moss Act claims."); *Stella v. LVMH Perfumes and Cosmetics*, 564 F. Supp. 2d 833, 837-38 (N.D. Ill. 2008) (summarizing cases finding CAFA creates an alternative basis for federal jurisdiction and declining to dismiss Magnuson-Moss claim).

As the *Chavis* court explained, CAFA expanded federal court jurisdiction over any class actions where CAFA requirements were met which necessarily includes Magnuson-Moss class actions that fail to meet the requirements of § 2310(1)(B). *Chavis*, 415 F. Supp. 2d at 626. The Court finds these cases persuasive and agrees that Plaintiffs' Magnuson-Moss claim may proceed. Defendants' motions to dismiss Plaintiffs' third claim for relief are **DENIED**.

### III.  Consumer Protection Claims

Sony moves to dismiss Plaintiffs' first, second, ninth, and tenth claims for relief for violation of California's Consumer Legal Remedies Act ("CLRA"), Unlawful and Unfair Business Practices, New Jersey's Consumer Fraud Act, and Florida's Deceptive and Unfair Trade Practices Act. Sony argues that Plaintiffs have not sufficiently alleged an omission or reliance.

///

///

Contrary to Sony's assertion, Plaintiffs have alleged a fraudulent omission by Sony, i.e., Sony's exclusive knowledge of and concealment of the notebooks' defective trackpad. Plaintiffs claims may be based on a fraudulent omission if (1) the omission was contrary to a representation actually made by the defendant, or (2) the omission was of a fact the defendant was obliged to disclose." *NVIDIA*, 2009 WL 4020104, at *10 (citing *Daugherty v. Am. Motor Co.*, 144 Cal. App. 4th 824, 835 (2nd Dist. 2006)). The obligation to disclose can arise in four circumstances, two of which Plaintiffs raise here: (1) "when the defendant had exclusive knowledge of material facts not known to the plaintiff;" or (2) "when the defendant actively conceals a material fact from plaintiff." *Falk v. General Motors Corp.*, 496 F. Supp. 2d 1088, 1094-95 (N.D. Cal. 2007) (quoting *LiMandri v. Judkins*, 52 Cal. App. 4th 326, 337 (4th Dist. 1997)).

Plaintiffs have alleged that Sony knew about a material fact, the defective trackpad, from numerous consumer complaints, but concealed that information from Plaintiffs. Plaintiffs further allege that if they had known about the defect, Plaintiffs never would have purchased the notebooks at the prices they paid. Plaintiffs have sufficiently stated a fraudulent omission claim and reliance. *Id.* at 1097 (claims survived motion to dismiss based on allegations that Defendant knew about defective speedometers from consumer complaints and never notified other customers); *NVIDIA*, 2009 WL 4020104, at *10 (claims survived motion to dismiss based on allegations that defendant concealed defective communications chips and Plaintiffs would not have purchased the defective products had they known about the defect); *see also Chamberlan v. Ford Motor Co.*, 369 F. Supp. 2d 1138, 1144-45 (N.D. Cal. 2005) (citing *Mirkin v. Wasserman*, 5 Cal. 4th 1082, 1093 (1993) and finding non-disclosed information material if the plaintiff would have acted differently had he been aware of it).

### A. CLRA

Specifically as to Plaintiffs' CLRA claim, Sony additionally argues that it should be dismissed because Plaintiffs did not purchase their notebooks directly from Sony and Plaintiffs' counsel, rather than Plaintiffs, signed the CLRA affidavit.

///

Plaintiffs' purchase of their notebooks from Best Buy rather than Sony does not require dismissal of the CLRA claim. *Chamberlan*, 369 F. Supp. 2d at 1144 (finding pure omissions actionable against defendant car manufacturer "despite the fact that they never entered into a transaction directly with Defendant."); *see also NVIDIA*, 2009 WL 4020104, at *10; *cf. Tietsworth v. Sears, Roebuck, and Co.* No. 09-CV-288, 2009 WL 3320486, at *10 (N.D. Cal. Oct. 13, 2009) (dismissing CLRA claim because the complaint did not adequately allege a misrepresentation or *omission*) (emphasis added). And, because Sony cites no authority for requiring Plaintiffs individually, rather than counsel on Plaintiffs' behalf, to sign the CLRA affidavit, the Court will not dismiss this claim on that basis. California Civil Code § 1780(d) requires a plaintiff, concurrently with the filing of the complaint, to "file an affidavit stating facts showing that the action has been commenced in a county described in this section as a proper place for the trial of the action." Plaintiffs filed the required affidavit signed by Plaintiffs' counsel on Plaintiffs' behalf.

### B. California Business and Professions Code §§ 17200

Specifically, as to Plaintiffs' claim for unlawful and unfair business practices, Sony additionally argues that Plaintiffs have not alleged an unlawful or unfair business practice and the injury alleged is not substantial enough to constitute an unfair business practice.

As discussed above, Plaintiffs' have sufficiently alleged a breach of implied warranty, CLRA, and violation of the Magnuson-Moss Act. These violations constitute a business practice that is also forbidden by law. *CRST Van Expedited, Inc. v. Werner Enters., Inc.*, 479 F.3d 1099, 1107 (9th Cir. 2007) (quoting *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1143 (2003) and finding the UCL "embraces anything that can properly be called a business practice and that at the same time is forbidden by law . . . Section 17200 'borrows' violations from other laws by making them independently actionable as unfair competition practices."). Plaintiffs have alleged an unlawful business practice.

Plaintiffs have also sufficiently alleged an unfair business practice. Sony argues that Plaintiffs have not alleged a violation of the unfair prong because the injury Plaintiffs allege was not substantial. Sony claims the notebooks could have been used with an external mouse

and Plaintiffs could have avoided the injury with further repair attempts. The allegations of the Consolidated Complaint are to the contrary. Plaintiffs allege the notebooks froze, tracked in reverse, sometimes locked up entirely, and that both Plaintiffs made numerous attempts to have their notebooks repaired without success. (Consol. Compl. ¶¶ 2, 36, 39-50, 52-71.) This is sufficient at the pleading stage. Finally, as to Sony's claim that the notebooks would have worked with an external mouse, this raises a factual dispute not appropriate for resolution on a motion to dismiss when the Court must accept the truth of Plaintiffs' allegations. *See Twombly*, 550 U.S. at 555.

Sony's motion to dismiss Plaintiffs' first, second, ninth, and tenth claims for relief is **DENIED**.

### IV.   Common Counts, Assumpsit, and Declaratory Relief

Sony moves to dismiss Plaintiffs' eighth claim for relief for common counts, assumpsit, and declaratory relief. Sony argues that the claim should be dismissed because it is duplicative of Plaintiffs' other claims. However, the Federal Rules of Civil Procedure specifically allow for pleading in the alternative. FED. R. CIV. P. 8(d)(2) ("A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones."). Sony's motion to dismiss Plaintiffs' eighth claim for relief is **DENIED**.

### V.   Negligence and Strict Liability

Sony moves to dismiss Plaintiffs' seventh claim for relief for negligence and strict liability. Under the economic loss rule, a plaintiff may only recover in tort for a product defect "when a product defect causes damage to 'other property,' that is property other than the product itself. The law of contractual warranty governs damage to the product itself." *Jimenez v. Superior Court*, 29 Cal. 4th 473, 483 (2002). However, "the economic loss rule does not necessarily bar recovery in tort for damage that a defective product . . . causes to other portions of a larger product . . . into which the former has been incorporated." *Id.*, *see also Aas v. Superior Court*, 24 Cal. 4th 627, 641 (2000) (summarizing cases).

///

Sony argues that Plaintiffs have not alleged they suffered physical injury or damage to property other than the notebook. Plaintiffs argue that only the trier of fact must decide whether damage to the notebooks from the trackpad defect is damage to the product itself or damage to other property. "[D]istinguishing between 'other property' and the defective product itself in a case involving component-to-component damage requires a determination whether the defective part is a sufficiently discrete element of the larger product that it is not reasonable to expect its failure invariably to damage other portions of the finished product." *KB Home v. Superior Court*, 112 Cal. App. 4th 1076, 1087 (2nd Dist. 2003).[2] The *KB Home* court identified a number of factors that the Court may consider in determining what the product at issue is:

> (1) Does the defective component [trackpad] perform an integral function in the operation of the larger product [notebook]? (2) Does the component have any independent use to the consumer, that is some use other than as incorporated into the larger product? (3) How related is the property damage to the inherent nature of the defect in the component? (4) Was the component itself or the larger product placed into the stream of commerce (or, viewed from the buyer's perspective, was the larger integrated product or the component itself the item purchased by the plaintiff)

*Id.* at 1086.

None of these factors favor Plaintiffs position based on the allegations of the Consolidated Complaint. Plaintiffs allege that the trackpad was integral to the function of the notebook, that any damage to the notebook, i.e. erratic tracking and freezing, was closely related to the nature of the defect in the trackpad, and that Plaintiffs purchased the integrated notebook, rather than the trackpad alone. (Consol. Compl. ¶¶ 1, 7-8, 148.) Additionally, the Consolidated Complaint lacks any allegations suggesting that a trackpad would have any use to Plaintiffs outside of the notebooks. Because Plaintiffs allegations indicate that the notebook, rather than the trackpad is the product at issue, Plaintiffs' negligence and strict liability claims

---

[2] Unlike the case presented here, the *KB Home* court was faced with after-market emission control devices added to furnaces and installed only in furnaces in homes subject to certain air quality standards. 112 Cal. App. 4th at 1080-81. The added device melted and cracked other parts of the furnace. *Id.* Based on these facts, the court found that the issue should be left to the trier of fact. *Id.* at 1087.

cannot survive Sony's motion to dismiss. Sony's motion to dismiss Plaintiffs' seventh claim for relief is **GRANTED**.

The Court grants Plaintiff leave to amend this claim. FED. R. CIV. P. 15(a)(2) ("The court should freely give leave when justice so requires."). Because Defendants' motions to dismiss all other claims have been denied, Plaintiffs may amend only this claim. If Plaintiffs amend, the amended complaint must be filed on or before November 12, 2010. If Plaintiffs do not file an amended complaint by November 12, 2010, Defendants shall file answers to the Consolidated Complaint on or before November 22, 2010.

## JUDICIAL NOTICE

The parties' requests for judicial notice are **GRANTED**. *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005); *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002).

## CONCLUSION

Best Buy's motion to dismiss is **DENIED**. Sony's motion to dismiss is **GRANTED** as to Plaintiffs' seventh claim for relief and **DENIED** as to all other claims. If Plaintiffs amend the seventh claim, the amended complaint must be filed on or before November 12, 2010. If Plaintiffs do not file an amended complaint by November 12, 2010, Defendants shall file answers to the Consolidated Complaint on or before November 22, 2010.

**IT IS SO ORDERED.**

DATED: October 27, 2010

Hon. Roger T. Benitez
United States District Court Judge