UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| | ) Civil No. 09CV2109 BEN(RBB) |
| | ) |
| In Re SONY VAIO COMPUTER | ) ORDER IMPOSING SANCTIONS ON |
| NOTEBOOK TRACKPAD LITIGATION | ) PLAINTIFF RONALD FLYNN FOR |
| | ) FAILING TO ATTEND EARLY NEUTRAL |
| | ) EVALUATION CONFERENCE AND |
| | ) SETTING FURTHER PROCEEDING |
| | ) |
| | ) |
| | ) |

Plaintiff Ronald Flynn failed to appear at the early neutral evaluation conference in this case ("ENE"), although the Ex Parte Application to Excuse Class Representatives' Personal Appearance at ENE was denied on January 14, 2011 [ECF Nos. 39, 45], and Flynn's Renewed Ex Parte Application to Excuse His Personal Appearance at ENE was denied on January 24, 2011 [ECF No. 48]. As a result, the Court issued an order to show cause why Plaintiff Flynn should not be sanctioned. (Mins., Jan. 24, 2011, ECF No. 48.) Flynn was to file any opposition to the order to show cause by January 31, 2011, and Defendant Sony Electronics, Inc. and Defendants Best Buy Co., Inc. and Best Buy Stores, L.P. ("Best Buy") were to file any reply by February 10, 2011. (Id.)

On January 31, 2011, Plaintiff Ronald Flynn's Opposition to Order to Show Cause Why Sanctions Should Not Issue re Failure to Appear at ENE was filed [ECF No. 51].  Defendants, on February 10, 2011, each filed a response to Plaintiff's Opposition [ECF Nos. 52, 53].

This Court, on February 14, 2011, requested that counsel for Sony and Best Buy each file a declaration outlining the fees and costs incurred by their clients to address Flynn's Opposition. (Mins., Feb. 14, 2011, ECF No. 55.)  Counsel for Sony and Best Buy submitted their declarations on February 22, 2011 [ECF Nos. 56-58].

After considering the filings by the parties, the Court concludes that Plaintiff Ronald Flynn should be sanctioned in the amount, and for the reasons, outlined below.

## DISCUSSION

Without question, this Court has the inherent power to assess sanctions for the "willful disobedience of a court order." Alyeska Pipeline Service Co. v. Wilderness Soc'y, 421 U.S. 240, 258-59 (1975).  Rule 16(f) of the Federal Rules of Civil Procedure provides that the Court may sanction a party or its attorney if the party "fails to appear at a scheduling or other pretrial conference . . . ."  See Fed. R. Civ. P. 16(f).  Similarly, the local rules for the United States District Court for the Southern District of California state that "[s]anctions may be appropriate for the unexcused failure to attend [the ENE conference]."  S.D. Cal. Civ. L.R. 16.1(c).  The failure to comply with the Federal Rules of Civil Procedure or the Court's local rules may be ground

09cv2109 BEN(RBB)

1   for "imposition of monetary sanctions or attorneys' fees and

2   costs, and other lesser sanctions." S.D. Cal. Civ. L.R. 83.1(a).

3       **A.  Flynn Willfully Failed to Appear**

4       On January 11, 2011, Plaintiffs Christina Egner and Ronald

5   Flynn filed an Ex Parte Application to Excuse Class

6   Representatives' Personal Appearance at ENE [ECF No. 39].  In

7   their Application, they sought permission to participate in the

8   January 21, 2011 early neutral evaluation conference by phone.

9   (Pls.' Ex Parte Appl. Excuse 4, ECF No. 39.)  Attached to the

10  Application was a declaration from Ronald Flynn.  (Id. Decl.

11  Flynn.)  Plaintiff Flynn stated that he is the sole proprietor of

12  his real estate business, and "[d]uring this time [January] I

13  generally work six to seven days a week . . . ."  (Id. at 2.)

14  Flynn also stated that this period is "critical" to his business,

15  because real estate transactions are "consummated in the second

16  and third quarter."  (Id.)  In the Application, Plaintiffs

17  contended that "[t]wo days of cross-country travel . . . will have

18  a detrimental impact on Mr. Flynn's individual business."  (Pls.'

19  Ex Parte Appl. Excuse 4, ECF No. 39.)

20      Defendant, Sony Electronics, Inc. filed an Opposition to

21  Plaintiffs' Ex Parte Application [ECF No. 40].  In its Opposition,

22  Sony pointed out that between November 24, 2010, and December 6,

23  2010, Plaintiffs' and Sony's counsel discussed Plaintiffs'

24  proposal that Egner and Flynn be excused from attending the early

25  neutral evaluation conference.  (Def. Sony Elecs. Inc.'s Opp'n 2,

26  ECF No. 40.)  During these discussions, the reason given for the

27  request was "travel distance."  (Id.)  According to Sony,

28

3                                                      09cv2109 BEN(RBB)

1  "[P]laintiffs did not mention plaintiff Flynn's work schedule

2  . . . as a basis for their request." (Id.)

3       Defendant, Best Buy, filed its Response to Plaintiffs' Ex

4  Parte Application to Excuse Class Representatives' Personal

5  Appearance [ECF No. 41]. Best Buy did not expressly oppose

6  Plaintiffs' request to be excused from personally attending the

7  ENE. (Def. Best Buy Co., Inc.'s Resp. 1-2, ECF No. 41.) Instead,

8  it stated, "If plaintiffs are excused from attending, so too

9  should Best Buy's representative be permitted to participate by

10 phone, and Best Buy pledges to have her available to do so." (Id.

11 at 2.)

12      On January 14, 2011, Plaintiffs filed their Reply [ECF No.

13 44]. After considering all relevant facts and argument of

14 counsel, the Court found that Plaintiff Flynn did not show good

15 cause to be excused from attending the January 21, 2011 early

16 neutral evaluation conference.

17      Six days later, on January 20, 2011, at 5:12 p.m., Flynn

18 filed a Renewed Ex Parte Application to Excuse his Personal

19 Appearance at ENE [ECF No. 46], which was scheduled for the next

20 morning, January 21, 2011, at 8:30 a.m. In the Renewed Ex Parte

21 Application, Plaintiffs' counsel stated, "Ronald Flynn intended to

22 attend the ENE." (Pl. Ronald Flynn's Renewed Ex Parte Appl. 2,

23 ECF No. 46.) This statement is incorrect. In his earlier January

24 11, 2011 declaration, Flynn stated, "If necessary I am willing and

25 able to participate via telephone at the January 21, 2011 early

26 neutral evaluation conference." (Pls.' Ex Parte Appl. Excuse,

27 Decl. Flynn 2, ECF No. 39.) In his subsequent declaration, signed

28 on January 20, 2011, Flynn made his intent clear. "I had intended

1  to appear at the January 21, 2011 conference via tele-

2  conferencing." (Decl. Pl. Ronald Flynn Re Personal Appearance at

3  ENE 2, ECF No. 47.) Furthermore, there is no evidence that Flynn

4  purchased an airline ticket to travel to San Diego, let alone made

5  a reservation, anytime before the January 21, 2011 conference. He

6  did not intend to personally attend the ENE.

7       In his January 20, 2011 declaration, Flynn gave the following

8  reasons to be excused from traveling from Florida to San Diego:

9         Unfortunately I am unable to personally appear because I
          am closing a commercial real estate transaction today,
10        negotiating a residential real estate purchase contract
          for my business today, and meeting this evening with
11        out-of-country clients to arrange to show them apartment
          complexes in Orlando, Bradenton, and Sarasota on Friday,
12        Saturday, and perhaps Sunday.

13  (Id.) Flynn did not establish that he could not accomplish these

14  tasks or reschedule them so that he could attend the early neutral

15  evaluation conference. As a result, his renewed request was

16  denied, and when he did not appear at the conference, an order to

17  show cause why he should not be sanctioned was issued [ECF No.

18  48].

19       Plaintiff's Opposition does not address Flynn's unilateral

20  decision not to attend the ENE, knowing that his request to be

21  excused had been denied. Instead, Flynn argues that the

22  conference was productive, and his absence "did not significantly

23  detract from the efficacy of the conference." (Pl. Ronald Flynn's

24  Opp'n 2, ECF No. 51.) He argues that his "personal presence would

25  not have had a material impact on the conference's outcome." (Id.

26  at 3.) Flynn states that his "counsel worked to ensure a

27  productive conference, and these efforts continue to date." (Id.)

28

He concludes by stating that if sanctions are awarded, they should be nominal and not exceed $100.  (<u>Id.</u> at 5.)

Both Defendants disagree.  Best Buy observes that "Plaintiff's opposition to the Order to Show Cause focuses little on Mr. Flynn, and not at all on the reasons for his absence. Instead, it focuses on the presence of Plaintiffs' counsel and Plaintiff Egner."  (Defs. Best Buy Co., Inc.'s & Best Buy Stores, L.P.'s Resp. 2, ECF No. 52.)  "[T]here was no good cause for [Flynn's] failure to appear."  (<u>Id.</u>)

Defendant Sony maintains that "Plaintiff Flynn should be sanctioned because he violated this Court's orders and Local Rules."  (Def. Sony Elecs. Inc.'s Reply 2, ECF No. 53.)  It describes the failure to attend the early neutral evaluation conference as a willful failure to comply the Court's orders. (<u>Id.</u>)  Sony notes, "Tellingly, plaintiff Flynn's opposition does not make any attempt to explain his failure to appear at the ENE conference, nor is it supported by any declaration or other evidence."  (<u>Id.</u>)  Defendant observes that Plaintiff had a transaction closing "during the day on January 20, 2011, which left him time to travel to San Diego for the ENE conference the following day."  (<u>Id.</u> at 3.)

The early neutral evaluation conference was continued to January 21, 2011, from an earlier date because the new date was convenient for all parties and counsel.  (<u>See</u> Order Den. Pls.' Ex Parte Appl. Excuse 4, ECF No. 45.)  Nevertheless, less than one month after the Court's December 15, 2010 order continuing the conference, Plaintiffs asked to be excused from personally appearing.  (Pls.' Ex Parte Appl. Excuse, ECF No. 39.)  Flynn's

first request to be excused was denied because he failed to show good cause to be excused from appearing.  (Order Den. Pls.' Ex Parte Appl. Excuse 4, ECF No. 45.)  After business hours on January 20, 2011, at a time when Flynn should already have been en route to San Diego from Florida, he submitted a Renewed Ex Parte Application [ECF No. 46].  The Renewed Ex Parte Application was denied on January 21, 2011.  (Mins., Jan. 21, 2011, ECF No. 48.)

## B.   The Appropriate Sanction

Plaintiff Ronald Flynn, a resident of Florida, filed this Class Action Complaint in the United States District Court for the Southern District of California.  (Compl. 1, 3, ECF No. 1.)  Flynn initiated and intends to prosecute this lawsuit in this district. Accordingly, he voluntarily chose to subject himself to the local rules of this Court and assume the burdens of litigating these claims in a forum far from his home.  After the Court denied his request to be excused from attending the ENE, Flynn unilaterally chose to disregard the Court's order.  He simply decided not to appear.  Notably, Plaintiff has not demonstrated that his business transactions could not have been completed or rescheduled to permit him to travel to San Diego on Thursday afternoon or evening, January 20, 2011, and return to Florida on Friday, January 21, 2011, after the 8:30 a.m. conference.

The co-plaintiff in this action, Christine Egner, attended the ENE.  Her compliance with the obligation to appear does not cure Flynn's disregard for the Court's orders and his failure to appear.

As a result of Flynn's actions, Sony and Best Buy each incurred fees they otherwise would not have.  The declaration

submitted by counsel for Best Buy establishes that it incurred
legal fees of $1,584.00 drafting the Response to Plaintiff Flynn's
Opposition to the Order to Show Cause.  (Decl. Michael Geibelson
Pursuant Feb. 14, 2011 Min. Order 2, ECF No. 56.)  Sony
Electronics submitted declarations from its attorneys showing that
it incurred attorneys' fees totaling $3,418.00 in addressing
Flynn's Opposition to Order to Show Cause.  (Supplemental Decl.
Michelle Doolin Supp. Def. Sony Elecs. Inc.'s Reply 1, ECF No. 57;
Supplemental Decl. Leo P. Norton Supp. Def. Sony Elecs. Inc.'s
Reply 1, ECF No. 58.)  Plaintiff Flynn is to reimburse Sony the
sum of $3,418.00 and reimburse Best Buy the sum of $1,584.00,
which represent the reasonable sums each Defendant incurred
because of Flynn's failure to appear.  The sanction shall be paid
to each Defendant on or before April 18, 2011.  Nothing in the
record suggests that Plaintiff Flynn is financially unable to pay
these amounts.  Consequently, the sanction amounts are to be paid
by Flynn personally and shall not be reimbursed or advanced by
counsel for Plaintiffs.

1      **C.    Further Proceedings**

2          The Court will conduct a telephonic attorneys-only case

3   management conference on April 21, 2011, at 8:30 a.m.   The parties

4   shall lodge a joint discovery plan with the Court by April 18,

5   2011.   Counsel for Plaintiffs is to arrange the call.

6          IT IS SO ORDERED.

7

8   February 25, 2011                     _____

9                                         Ruben B. Brooks, Magistrate Judge
                                          United States District Court

10  cc:
    Judge Benitez
11  All Parties of Record

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28