UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re SONY VAIO COMPUTER NOTEBOOK TRACKPAD LITIGATION | Civil No. 09cv2109 AJB(RBB)<br><br>CASE MANAGEMENT CONFERENCE ORDER REGULATING DISCOVERY AND OTHER PRETRIAL PROCEEDINGS<br><br>(Rule 16, Fed.R.Civ.P.)<br>(Local Rule 16.1) |

Pursuant to rule 16 of the Federal Rules of Civil Procedure, a case management conference was held on April 21, 2011. After consulting with the attorneys of record for the parties and being advised of the status of the case, and good cause appearing,

IT IS HEREBY ORDERED:

1. All fact discovery for phase one (through the filing of the class certification motion) must be completed by all parties on or before February 20, 2012. All class certification expert discovery must be completed by all parties on or before February 20, 2012. "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Federal Rule of Civil Procedure 45, must be initiated a

sufficient period of time in advance of the cut-off date, <u>so that it may be completed</u> by the cut-off date, taking into account the times for service, notice, and response, and any motions to compel, as set forth in the Federal Rules of Civil Procedure. Counsel must promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1(a). All discovery motions must be filed within thirty days of the service of an objection, answer, or response which becomes the subject of dispute or the passage of a discovery due date without response or production, and only after counsel have met and conferred and have reached impasse with regard to the particular issue. **A failure to comply in this regard will result in a waiver of a parties discovery issue. Absent an order of the court, no stipulation continuing or altering this requirement will be recognized by the court.**

    2. Plaintiff(s) shall serve on all other parties a list of class certification expert witnesses whom Plaintiff(s) expect(s) to use by <u>December 19, 2011</u>. Defendant(s) shall serve on Plaintiff(s) a list of class certification expert witnesses Defendant(s) expect(s) to use by <u>January 17, 2012</u>. Each party may supplement its designation in response to the other party's designation no later than <u>January 30, 2012</u>. The parties must identify any person who may be used to present evidence pursuant to Rules 702, 703 or 705 of the Federal Rules of Evidence. This requirement is not limited to retained experts. The designation(s) shall comply with rule 26(a)(2) of the Federal Rules of Civil Procedure and be accompanied by a written report prepared and signed by each witness, including in-house or other

1 witnesses providing expert testimony.  The failure to fully comply
2 with these requirements may result in the exclusion of expert
3 testimony.  A written report is not required from a witness giving
4 testimony as a percipient expert.

5     3.  Any motion to join other parties, to amend the pleadings
6 or to file additional pleadings shall be filed and heard on or
7 before <u>December 19, 2011</u>.

8     Any motion for class action certification is to be filed and
9 served by <u>February 20, 2012</u>.  Any opposition is to be filed and
10 served by <u>March 19, 2012</u>.  The timing of any reply is governed by
11 the Local Rules.

12     4.  Please be advised that counsel for the moving party must
13 obtain a motion hearing date from the law clerk of the judge who
14 will hear the motion.  **Be further advised that the period of time**
15 **between the date you request a motion date and the hearing date**
16 **may vary from one district judge to another.  Please plan**
17 **accordingly.**  For example, you should contact the judge's law
18 clerk in advance of the motion cutoff to calendar the motion.
19 Failure to timely request a motion date may result in the motion
20 not being heard.

21     Questions regarding this case should be directed to the
22 judge's law clerk.  The Court draws the parties' attention to
23 Local Rule 7.1(e)(4) which requires that the parties allot
24 <u>additional time for service of motion papers by mail</u>.  Papers not
25 complying with this rule shall not be accepted for filing.

26     Briefs or memoranda in support of or in opposition to any
27 pending motion shall not exceed twenty-five (25) pages in length
28 without leave of the judge who will hear the motion.  No reply

memorandum shall exceed ten (10) pages without leave of the judge who will hear the motion.

5. Further settlement conferences shall be held at appropriate intervals during the course of the litigation in the chambers of Judge Ruben B. Brooks. A telephonic, attorneys-only settlement conference shall be held on <u>September 29, 2011, at 8:30 a.m.</u> Counsel for Plaintiff is to initiate the call. A further case management conference is set for <u>April 2, 2012, at 8:30 a.m.</u> A mandatory settlement conference date will be set at one of the scheduled settlement conferences.

All parties, claims adjusters for insured Defendants and non-lawyer representatives with complete authority to enter into a binding settlement, as well as the principal attorneys responsible for the litigation, must be present and legally and factually prepared to discuss and resolve the case at the mandatory settlement conference and at all settlement conferences. Retained outside corporate counsel shall not appear on behalf of a corporation as the party representative who has the authority to negotiate and enter into a settlement. Failure to attend or obtain proper excuse will be considered grounds for sanctions.

If Plaintiff is incarcerated in a penal institution or other facility, the Plaintiff's presence is not required at conferences before Judge Brooks, and the Plaintiff may participate by telephone. In that case, defense counsel is to coordinate the Plaintiff's appearance by telephone.

**Confidential written settlement statements for the mandatory settlement conference shall be lodged directly in the chambers of Judge Brooks no later than five court days before the mandatory**

**settlement conference.** The statements need not be filed with the Clerk of the Court or served on opposing counsel. The statements will not become part of the court file and will be returned at the end of the conference upon request. Written statements may be lodged with Judge Brooks either by mail or in person.

Any statement submitted should avoid arguing the case. Instead, the statement should include a neutral factual statement of the case, identify controlling legal issues, and concisely set out issues of liability and damages, including any settlement demands and offers to date and address special and general damages where applicable.

If appropriate, the Court will consider the use of other alternative dispute resolution techniques.

Dated: April 21, 2011

RUBEN B. BROOKS
United States Magistrate Judge

cc: All Parties of Record

# CASE RESOLUTION GUIDELINES

**Attendance**

All parties and claims adjusters for insured Defendants and representatives with complete authority to enter into a binding settlement, as well as the principal attorney(s) responsible for the litigation, must be present and legally and factually prepared to discuss and resolve the case.  Failure to attend or obtain proper excuse will be considered grounds for sanctions.

**Case Resolution Conference Briefs**

Written statements, when specifically requested, shall be lodged in the chambers of Judge Brooks no later than five court days before the scheduled conference.  The statements will not become part of the court file.  Written statements may be submitted on a confidential basis and lodged with Judge Brooks either by mail or in person.

Any statement submitted should avoid arguing the case. Instead the statement should include a neutral factual statement of the case and concisely set out issues of liability and damages, including any settlement demands and offers to date, and address special and general damages where applicable.

If appropriate, the court will consider the use of other alternative dispute resolution techniques.

If you have any further questions, please feel free to contact my research attorney, at (619) 557-3404.