DOYLE LOWTHER LLP
William J. Doyle II (188069)
John A. Lowther (207000)
James R. Hail (202439)
9466 Black Mountain Road, Suite 210
San Diego, California 92126
Phone: (619) 573-1700
Fax:   (619) 573-1701
www.doylelowther.com

ZELDES & HAEGGQUIST, LLP
Amber L. Eck (177882)
Helen I. Zeldes (220051)
Alreen Haeggquist (221858)
625 Broadway, Suite 906
San Diego, California 92101
Phone: (619) 342-8000
Fax:   (619) 342-7878
www.zhlaw.com

*Interim co-lead counsel for plaintiffs and the proposed class*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re Sony VAIO Computer Notebook Trackpad Litigation | Civil No. 09-CV-2109-BEN-RBB<br><br>**Lead Counsel's and Plaintiff Ronald Flynn's Reply in Support of Motion For Reconsideration**<br><br>Date:  May 16, 2011<br>Time:  10:00 a.m.<br>Judge: Hon. Ruben B. Brooks<br>Court: Courtroom B, First Floor |

I.     **Introduction**

Plaintiff Ronald Flynn and lead counsel file this reply in support of his motion to reconsider the Court's sanction order. Contrary to Sony's argument, the reconsideration motion was timely filed. Mr. Flynn, an elderly retiree living on a fixed income, does not have the money to pay the sanctions award the Court imposed. Plaintiff Flynn reiterates his request the Court either revoke or revise its sanctions ruling.

II.    **Plaintiff Flynn Filed a Timely Reconsideration Motion**

Sony first argues Mr. Flynn's motion for reconsideration was untimely. Sony Opp. at 4. The Court issued its sanction order on February 25, 2011. (Document No. 59.) Plaintiff and defendant Sony agree that pursuant to Local Rule 7.1(i)(2), Mr. Flynn's application was due twenty-eight days later, on March 25, 2011.

Mr. Flynn and lead counsel filed his motion for reconsideration on March 25, 2011, and thus the application was filed within the time to seek reconsideration. (Document No. 61.) Four days later, the Court issued an order addressing the lack of a hearing date on the motion, and directed counsel to file the motion with its memorandum in a "separate document" as required by local rule. (Document No. 62.) That same day, lead counsel refiled the same motion, but in the form the Court directed.

Under Federal Rule of Civil Procedure 5(d)(4), a "document presented to the clerk in violation of a local rule of form can nonetheless be filed for purposes of satisfying a filing deadline." *United States v. Harvey*, 516 F.3d 553, 556 (7th Cir. 2008). *Accord Contino v. U.S.*, 553 F.3d 124, 126-127 (2nd Cir. 2008) (electronic

filing of appeal timely even though paper filing was required and electronic filing was rejected); *Darouiche v. Fidelity Nat. Ins. Co.*, No. 10-30554, 2011 WL 777874, at *2 (5th Cir. Mar. 7, 2011) (motion for new trial filed electronically was deemed "deficient" but nevertheless timely).

Moreover, the Court "has the inherent power to reconsider and modify" its orders prior to the entry of judgment, no matter whether the order is "oral" or "written." *United States v. LoRusso*, 695 F.2d 45, 53 (2nd Cir. 1982). Accordingly the reconsideration motion is timely.

### III. Plaintiff Flynn Cannot Pay The Sanctions Amount

Sony complains Mr. Flynn failed to pay the sanctions amount and argues that although Mr. Flynn's business may be failing, Mr. Flynn should "personally" pay the sanctions amount. Sony Opp. at 7.

Mr. Flynn is 69 years old, subsists on a fixed income, and relies on a military disability pension to sustain he and his wife. Flynn Decl. ¶ 11. Mr. Flynn is struggling to survive in this economy. *Id.* at ¶ 11. Although Mr. Flynn is retired, to survive financially and to try to make ends meet, he maintains a solo real estate business without assistance or employees. Mr. Flynn's declaration makes plain he has suffered, and continues to suffer, losses in the Florida real estate market. Flynn Decl. ¶ 11. Mr. Flynn revealed he lost money on his 2010 tax returns and disclosed his real negative cash flow in 2010 and 2011. Flynn Decl. ¶¶ 5, 12.

Mr. Flynn and his wife, elderly retirees, cannot afford the $5,002 sanction award. Flynn Decl. ¶ 11. They do not have the money. Flynn Decl. ¶¶ 7, 11. Indeed, Mr. Flynn is close to shuttering his business, since he does not have the money to

operate it. Mr. Flynn's declaration is clear: he cannot support his business because his fixed income does not support it. It bears repeating Mr. Flynn is an elderly retiree who was and is trying to survive financially, using real estate commission income, because his fixed income is insufficient. Flynn Decl. ¶ 11. But Mr. Flynn has earned only *de minimis* commissions of a couple thousand dollars the last couple of years, and in aggregate has sustained years of losses he cannot afford. These facts show Mr. Flynn does not have the money to pay the sanction. *Id.* at ¶¶ 7, 12.

Sony points to Mr. Flynn's "shareholder loans" as indicia of Mr. Flynn's ability to personally pay. Sony Opp. at 7. To the contrary, Mr. Flynn says he cannot afford the loans—he no longer has the cash available to sustain them. Flynn Decl. ¶ 7. Mr. Flynn's statements about his failed real estate transactions, income tax return losses, and bank account show the precarious state of Mr. Flynn's financial affairs. This is why it is just and proper for the Court to revoke the sanctions award.

**IV.   Plaintiff Flynn's Reconsideration Motion Should Be Granted**

Sony argues Mr. Flynn fails to present any "newly discovered evidence" and argues the evidence does not "support a different outcome." Sony Opp. at 5-7. Sony also complains Mr. Flynn was aware of his "financial situation" in January 2011, and such information should have been included in his opposition to the order to show cause.

The correct standard here under Federal Rule of Civil Procedure Rule 60 is reconsideration may be based upon "any … reason justifying relief from the operation of the judgment." *Martin v. County of San Diego*, 650 F. Supp. 2d 1094,

1111 (S.D. Cal. 2009). Contrary to Sony's opposition, application for reconsideration may include new or different facts which "were not shown" upon the prior application. Local Rule 7.1(i)(1)(3). Thus the Federal Rules, case law, and the local rules allow Mr. Flynn and the Court to review the additional facts and consider his financial circumstance in revisiting the sanctions award.

Only after the Court issued its February 25, 2011 order was Mr. Flynn apprised of the actual sanction amount—and in particular, the requirement that Mr. Flynn personally pay the sanction without contribution from counsel. The instant motion allows Mr. Flynn to ask the Court to revoke or revise its sanctions Order, including advising the Court of his precarious finances and his inability to personally pay the sanction.

The "ability of a party to pay is one factor a court should consider when imposing sanctions," *Gaskell v. Weir*, 10 F.3d 626, 629 (9th Cir. 1993), which consideration Mr. Flynn asks the Court to undertake. Further, the Ninth Circuit has also held the Court has the discretion to conduct such evaluation "in camera," *Enercon GmbH v. Erdman*, No. 00-15399, 2001 WL 777476, at *2 (9th Cir. 2001), and as Mr. Flynn said in his declaration, he is willing to make his financial statements available to the Court for such a review. An elderly couple surviving on a fixed income, and using a military disability pension to sustain them, are facts the Court can and should consider in reviewing its sanctions award. *See* February 25, 2011 Sanctions Order, at 8 ("Nothing in the record suggests that Plaintiff Flynn is financially unable to pay these amounts.").

Finally, Mr. Flynn's declaration includes details of his commitments and the

fact he did review flight times and schedules. But as Mr. Flynn says, he kept his commitments to "save his real estate business." Flynn Decl. ¶ 8.

## V. Conclusion

Lead Counsel requests the Court reconsider its imposition of personal sanctions against Mr. Flynn, and the amount of sanctions, and reconsider the February 25, 2011 award in light of Mr. Flynn's financial condition and effort to save his failing business.

DATED: May 9, 2011       DOYLE LOWTHER LLP

**s/ John A. Lowther**
Attorney for Plaintiffs
email: john@doylelowther.com

William J. Doyle II (188069)
bill@doylelowther.com
John A. Lowther (207000)
john@doylelowther.com
James R. Hail (202439)
jim@doylelowther.com
9466 Black Mountain Road, Suite 210
San Diego, California 92126
Tel:   (619) 573-1700
Fax:   (619) 573-1701


ZELDES & HAEGGQUIST, LLP
Amber L. Eck (177882)
ambere@zhlaw.com
Helen I. Zeldes (220051)
helenz@zhlaw.com
Alreen Haeggquist (221858)
alreenh@zhlaw.com
625 Broadway, Suite 906
San Diego, California 92101
Tel:   (619) 342-8000
Fax:   (619) 342-7878

*Interim co-lead counsel for plaintiffs and the proposed class*