UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| In Re SONY VAIO COMPUTER<br>NOTEBOOK TRACKPAD LITIGATION | ) Civil No. 09cv2109 AJB(RBB)<br>)<br>) SUPPLEMENTAL ORDER GRANTING IN<br>) PART AND DENYING IN PART<br>) PLAINTIFF RONALD FLYNN'S MOTION<br>) FOR RECONSIDERATION [ECF NO.<br>) 63]<br>)<br>)<br>) |

On March 29, 2011, Counsel for Plaintiff Flynn filed a Motion for Reconsideration of this Court's January 24, 2011 order to show cause why Plaintiff Flynn should not be sanctioned. (Mot. Recons. Attach. #1 Mem. P. & A. 2, ECF No. 63 (citing Mins. Jan. 24, 2011, ECF No. 48).) Plaintiff asked the Court to reconsider its February 25, 2011 sanctions order, which directed Flynn to reimburse Defendant Sony Electronics, Inc. the sum of $3,418.00 and Defendants Best Buy Co., Inc. and Best Buy Stores, L.P. the sum of $1,584.00. (Id. at 2.) The events leading up to the imposition of sanctions on Flynn are detailed in the Court's Order Imposing Sanctions on Plaintiff Flynn for Failing to Attend Early Neutral Evaluation Conference [ECF No. 59].

A hearing was held on Plaintiff Flynn's Motion on May 16, 2011. (Mins., May 16, 2011, ECF No. 72.) John Lowther, of Doyle Lowther LLP, and Amber Eck, of Zeldes & Haeggquist, LLP, appeared as counsel for Plaintiff; Leo Norton, of Cooley LLP, appeared for Defendant Sony Electronics. (Id.) At the conclusion of the hearing, the Court denied the Motion for Reconsideration but requested additional briefing from the parties. (Id.) Specifically, Flynn was asked to submit a financial affidavit detailing his financial condition. (Id.) The Court indicated that "[t]he payer and the amount of the sanctions award, however, will be addressed in a written order following any personal financial declaration and related briefs." (Id.)

On May 23, 2011, Plaintiff Ronald Flynn's Financial Disclosure Affidavit Re Reconsideration of Imposition and Amount of Sanctions was filed, which the Court directed to be filed under seal. (ECF Nos. 74-77.) Counsel for Flynn also filed Plaintiff Ronald Flynn's Supplemental Brief in Support of Motion for Reconsideration. (Pl. Ronald Flynn's Supplemental Br. Supp. Mot. Recons., ECF No. 75.) In the Supplemental Brief, counsel argues, "Flynn requests that the Court revoke or reduce the sanctions award against him, or permit his attorneys to pay the sanctions award, as he is financially unable to do so." (Id. at 1.) In the earlier Motion for Reconsideration, counsel for the Plaintiffs argued that sanctions should be imposed on Flynn's counsel rather than on Flynn. (Mot. Recons. Attach. #1 Mem. P. & A. 6, ECF No. 63.)

> Alternatively, having now developed a better understanding of Mr. Flynn's business and financial condition, the Court should allow Counsel to reimburse Defendants Sony and Best Buy for the sanctions award.

> As Counsel did not fully appreciate Mr. Flynn's precarious financial status, and how this could impact his ability to attend the ENE, Counsel takes responsibility for his absence.

(Id.)

Defendant Sony, on May 27, 2011, filed its Response to Plaintiff Ronald Flynn's Supplemental Brief and Financial Declaration Re Sanctions [ECF No. 78]. Sony argues that Flynn "has not carried his burden of proving his inability to personally pay the sanctions amount." (Sony Elecs. Inc.'s Response Pl. Ronald Flynn's Supplemental Br. 1, ECF No. 78.) In the alternative, Sony "requests that the sanctions amount be imposed jointly on plaintiff Flynn and his counsel." (Id.) Finally, the Defendant concludes that Plaintiffs' counsel should be "ordered to pay the balance of the sanctions amount or the entirety of the [sanctions] if the Court finds that plaintiff Flynn is unable to personally pay them in whole or in part." (Id. at 5.)

After reviewing Ronald Flynn's Financial Disclosure Affidavit, the supplemental briefs submitted by his counsel and Sony, the Court concludes that Flynn's personal and financial circumstances present extraordinary circumstances which justify relieving him of the obligation to personally pay the sanction amounts previously ordered. Nevertheless, Sony correctly observes that the Defendants incurred attorneys' fees and costs that were the result of Flynn's failure to attend the ENE. Counsel for Flynn has acknowledged not fully appreciating Mr. Flynn's personal circumstances and communicating them to the Court. (Mot. Recons. Attach. #1 Mem. P. & A. 6, ECF No. 63.) For these reasons, the Court will **GRANT IN PART** Plaintiffs' motion to reconsider its February 25, 2011 Order Imposing Sanctions on Plaintiff Ronald

1  Flynn.  As outlined in the Court's prior orders, an award of
2  sanctions for Plaintiff Flynn's failure to attend the Court's
3  early neutral evaluation conference is appropriate.  The sanctions
4  award is modified to impose the sanctions jointly on Flynn and his
5  counsel, Zeldes & Haeggquist, LLP and Doyle Lowther, LLP.  Rather
6  than require that Flynn personally pay the sanction awards to
7  Defendants, counsel for Flynn may pay the amounts to Defendants
8  Sony Electronics and Best Buy.  In all other respects, the Motion
9  for Reconsideration is **DENIED.**
10      **IT IS SO ORDERED.**

12 Dated:  May 31, 2011
                                  Ruben B. Brooks, Magistrate Judge
13                                United States District Court

14 cc:
   Judge Battaglia
15 All Parties of Record