1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**
9                    **SOUTHERN DISTRICT OF CALIFORNIA**
10

| 11 | In re SONY VAIO COMPUTER NOTEBOOK TRACKPAD LITIGATION | CASE NO. 09cv2109-AJB (MDD) |
|---|---|---|
| 12 | | ORDER ON JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE: REDACTIONS |
| 13 | | |
| 14 | | [ECF NO. 208] |
| 15 | | |

16    Before the Court is the joint motion of the parties for determination
17 of a discovery dispute filed on February 18, 2014. (ECF No. 208). The
18 dispute pertains to redactions of content in documents provided by
19 Defendant Sony in the course of document production. During the
20 course of document discovery, Defendant produced documents from
21 which certain content was redacted for non-responsiveness or
22 irrelevance. Plaintiff asserts that these redactions are contrary to law.
23 Defendant contends that the Court need not reach the merits of the
24 dispute because Plaintiff's motion is untimely and, in any event, the
25 redactions are lawful. The Court agrees with Defendant that Plaintiff's
26 complaint is untimely.
27    This was a rolling production and the last of the documents in issue
28 was produced, according to Plaintiff, on December 28, 2012. (ECF No.

208-4). Defendant asserts that pursuant to this Court's Civil Chambers Rules, any issue regarding redactions in these documents should have been presented to the Court within 45 days of the offending production. *See* Magistrate Judge Dembin's Civil Chambers Rules V. C. and V. D. Plaintiff asserts that this is not a discovery dispute; rather, it is a redaction dispute and the Chambers Rules do not apply. Plaintiff argues that this dispute is not over "written" discovery. The Court disagrees. A dispute regarding the adequacy of a document production, whether the dispute is over privilege, relevance, burdensomeness, vagueness or any other lawful objection and whether the issue encompasses withholding an entire document or only a portion, is a discovery dispute. Further, regardless of whether the dispute arises from an interrogatory or a request for production, the production is the result of "written" discovery.

This dispute should have been brought before the Court over one year ago. Plaintiff offers only the excuse that many of the challenged documents were produced toward the end of 2012. There is no reason offered for Plaintiff's decision not to seek relief from the Chambers Rules early in 2013.

Accordingly, the Court DENIES Plaintiff's motion to compel as presented in the instant joint motion as untimely and will not address the merits of the dispute.

IT IS SO ORDERED.

DATED: February 26, 2014

Hon. Mitchell D. Dembin
U.S. Magistrate Judge