UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE SONY VAIO COMPUTER NOTEBOOK TRACKPAD LITIGATION | Case No. 09-cv-2109-BAS(MDD)<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT AND PROVISIONAL SETTLEMENT CLASS CERTIFICATION** |

On December 30, 2016, Plaintiffs Christina Egner and Rickey Glasco filed their motion for preliminary approval of class settlement and provisional settlement class certification under Rule 23 of the Federal Rules of Civil Procedure. This Court reviewed the motion, including the Settlement Agreement and Release ("Settlement Agreement"). Based on this review and the findings below, the Court finds good cause to grant the motion.[1]

//

//

---

[1] Capitalized terms in this Order, unless otherwise defined, have the same definitions as those terms in the Settlement Agreement.

**FINDINGS:**

1. The Settlement Agreement appears to be the product of serious, informed, non-collusive negotiations and falls within the range of possible approval as fair, reasonable and adequate. *See In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007) (granting preliminary approval where the settlement "appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval").

2. The Full Notice, U.S. Mail Notice, Email Notice, Publication Notices, and Claim Form (attached to the Settlement Agreement), and their manner of transmission, comply with Rule 23 and due process because the notices and forms are reasonably calculated to adequately apprise class members of (i) the pending lawsuit, (ii) the proposed settlement, and (iii) their rights, including the right to either participate in the settlement, exclude themselves from the settlement, or object to the settlement.

3. As previously set forth in the Court's order entered on September 25, 2013 (ECF No. 198) and for settlement purposes, the Class is so numerous that joinder of all Class Members is impracticable.

4. As previously set forth in the Court's order entered on September 25, 2013 (ECF No. 198) and for settlement purposes, Plaintiffs' claims are typical of the Class's claims.

5. As previously set forth in the Court's order entered on September 25, 2013 (ECF No. 198) and for settlement purposes, there are questions of law and fact common to the Class, which predominate over any questions affecting only individual Class Members.

6. As previously set forth in the Court's order entered on September 25, 2013 (ECF No. 198) and for settlement purposes, Class Certification is superior to other available methods for the fair and efficient adjudication of the controversy.

//
//

7. Defendant Sony Electronics Inc. ("Sony") filed a copy of the notice it gave on December 30, 2016 pursuant to 28 U.S.C. § 1715(b) and the notice complies with the requirements of 28 U.S.C. § 1715(b).

**IT IS ORDERED THAT:**

1. **Settlement Approval.** The Settlement Agreement, including the Full Notice, U.S. Mail Notice, Email Notice, Publication Notices, and Claim Form, attached to the Settlement Agreement as Exhibits B-F, are preliminarily approved.

2. **Provision of Class Notice.** Sony shall notify Class Members of the settlement in the manner specified under Section 3.3 of the Settlement Agreement.

3. **Claim for a Settlement Payment.** Class Members who want to receive a Settlement Payment under the Settlement Agreement must accurately complete and deliver a Claim Form to the Claims Administrator no later than one hundred fifty (150) calendar days after entry of this Order.

4. **Objection to Settlement.** Class Members who have not submitted a timely written exclusion request pursuant to paragraph 6 below and who want to object to the Settlement Agreement must deliver a written objection to the Claims Administrator no later than one hundred fifty (150) calendar days after entry of this Order. The delivery date is deemed to be the date the objection is deposited in the U.S. Mail as evidenced by the postmark. The objection must include: (a) the name and case number of the Action "In re Sony VAIO Computer Notebook Trackpad Litigation, Case No. 09-CV-2109"; (b) the full name, address, and telephone number of the person objecting (email address is optional); (c) the words "Notice of Objection" or "Formal Objection"; (d) in clear and concise terms, the objection and legal and factual arguments supporting the objection; and (e) facts showing that the person objecting is a Class Member. The written objection must be signed and dated, and must include the following language immediately above the signature and date: "I declare under penalty of perjury under the laws of the United States

of America that the foregoing statements regarding class membership are true and correct to the best of my knowledge."

Any Class Member who submits a written objection, as described in this paragraph, may appear at the Fairness Hearing, either in person or through personal counsel hired at the Class Member's expense, to object to the Settlement Agreement. Class Members or their attorneys intending to make an appearance at the Fairness Hearing, however, must include on the timely and valid written objection a statement substantially similar to "Notice of Intention to Appear." If the objecting Class Member intends to appear at the Fairness Hearing through counsel, he or she must also identify the attorney(s) representing the objector who will appear at the Fairness Hearing and include the attorney(s) name, address, phone number, e-mail address, and the state bar(s) to which counsel is admitted. If the objecting Class Member intends to request the Court to allow the Class Member to call witnesses at the Fairness Hearing, such request must be made in the Class Member's written objection, which must also contain a list of any such witnesses and a summary of each witness's expected testimony. Only Class Members who submit timely written objections including Notices of Intention to Appear may speak at the Fairness Hearing.

If a Class Member makes an objection through an attorney, the Class Member will be responsible for his or her personal attorney's fees and costs.

The objection will not be valid if it only objects to the lawsuit's appropriateness or merits.

5. **Failure to Object to Settlement.** Class Members who fail to object to the Settlement Agreement in the manner specified above will: (1) be deemed to have waived their right to object to the Settlement Agreement; (2) be foreclosed from objecting (whether by a subsequent objection, intervention, appeal, or any other process) to the Settlement Agreement; and (3) not be entitled to speak at the Fairness Hearing.

6. **Requesting Exclusion.** Class Members who want to be excluded from the settlement must send a letter or postcard to the Claims Administrator stating: (a) the name and case number of the Action "In re Sony VAIO Computer Notebook Trackpad Litigation,

Case 09-cv-2109"; (b) the full name, address and telephone number of the person requesting exclusion (email address is optional); and (c) a statement that the person does not wish to participate in the Settlement, postmarked no later than one hundred fifty (150) calendar days after entry of this Order.

7. **Provisional Certification for Settlement Purposes.** The Court already certified the Class on September 25, 2013 (ECF No. 198). For purposes of settlement, the Class is provisionally certified as: (1) California residents who purchased a Sony VAIO Laptop, series SZ, FZ, NW, EB, or F, in California between March 16, 2006 and the date the Court enters the Preliminary Approval Order; and (2) New Jersey residents who purchased a Sony VAIO Laptop, series SZ, FZ, NW, EB, or F, in New Jersey between March 16, 2006 and the date the Court enters the Preliminary Approval Order. Excluded from the Class are Sony's Counsel, Sony's officers and directors, and the judges presiding over the Action.

8. **Conditional Appointment of Class Representative and Class Counsel.** As previously set forth in the Court's order entered on September 25, 2013 (ECF No. 198) and for settlement purposes, plaintiffs Christina Egner and Rickey Glasco are conditionally certified as the Class Representatives to implement the Parties' settlement in accordance with the Settlement Agreement. As previously set forth in the Court's order entered on September 25, 2013 (ECF No. 198) (as to the Zeldes Haeggquist & Eck, LLP, and Doyle Lowther LLP firms) and for settlement purposes, the law firms of Gomez Trial Attorneys, Zeldes Haeggquist & Eck, LLP, and Doyle Lowther LLP are conditionally appointed as Class Counsel for settlement purposes. Plaintiff and Class Counsel must fairly and adequately protect the Class's interests.

9. **Termination.** If the Settlement Agreement terminates for any reason, the following will occur: (a) Class certification for settlement purposes will be automatically vacated (but the Court's prior class certification order entered on September 25, 2013 (ECF No. 198) shall not be affected); (b) Plaintiffs will revert to their prior status as non-settlement Class representatives; (c) Plaintiffs' counsel will stop functioning as settlement

Class Counsel, but will revert to their prior status as non-settlement Class counsel; and (d) this Action will revert to its previous status in all respects as it existed immediately before the Parties executed the Settlement Agreement. This Order will not waive or otherwise impact the Parties' rights or arguments regarding class certification or any trial of any claims.

10. **No Admissions.** Nothing in this Order is, or may be construed as, an admission or concession on any point of fact or law by or against any Party.

11. **Stay of Dates and Deadlines.** All pretrial and trial proceedings and deadlines are stayed and suspended until further notice from the Court, except for such actions as are necessary to implement the Settlement Agreement and this Order.

12. **CAFA Notice.** The Court finds that Sony has complied with 28 U.S.C. § 1715(b).

13. **Fairness Hearing.** On <u>**July 17, 2017**</u>, at <u>**10:30 a.m.**</u>, this Court will hold a Fairness Hearing to determine whether the Settlement Agreement should be finally approved as fair, reasonable, and adequate. Based on the date of this Order and the date of the Fairness Hearing, the following are the certain associated dates in this Settlement:

| Event | Timing | Date |
| --- | --- | --- |
| Last day for Sony, via the Claims Administrator, to send Email Notice and U.S. Mail Notice, start operating Settlement Website & providing Publication Notice | 60 calendar days after entry of this Order | March 6, 2017 |
| Last day for Plaintiffs to file fee petition | 136 calendar days after entry of this Order | May 22, 2017 |
| Last day for Class Members to file a claim, request exclusion or object to the Settlement | 150 calendar days after entry of this Order | June 5, 2017 |
| Last day for parties to file briefs in support of the Final Order and Judgment | 7 calendar days before Fairness Hearing | July 10, 2017 |

6

09cv2109

This Court may order the Fairness Hearing to be postponed, adjourned, or continued. If that occurs, the updated hearing date shall be posted on the Settlement Website, but other than the website posting, Sony will not be required to provide any additional notice to Class Members.

**IT IS SO ORDERED.**

DATED: January 3, 2017

                                              Hon. Cynthia Bashant
                                              U.S. DISTRICT COURT JUDGE